UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOSE J. MAGANA GARCIA,**
and individual,
Plaintiff

v.

**WEST MICHIGAN HOPYARDS LLC**,
a Domestic Limited Liability Company,
**JASON JAEKEL** an individual,
**Bryan POSTHUMUS** an individual,
jointly and severally,
Defendants

| AVANTI LAW GROUP, PLLC<br>Robert Anthony Alvarez (P66954)<br>Victor M. Jimenez Jr. (P85194)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avanitlaw.com<br>vjimenez@avantilaw.com | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through his attorneys at the Avanti Law Group, PLLC, and in his Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff, on behalf of himself and all other similarly situated, to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*., the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*., and the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. § 1802.

2. During the period of the parties' employment relationship, Defendants failed to compensate Plaintiff with the mandated minimum wage for all hours worked.

1

3. Plaintiff seeks a declaration that his rights, and those of others similarly situated, were violated, an award of unpaid minimum wages, an award of liquidated damages, and an award of attorney's fees and costs. At the earliest time possible, Plaintiff seeks permission to send a Court authorized notice of this action, pursuant to 29 U.S.C. § 216(b), to all similarly situated individuals and potential class members.

4. Defendants, likewise, have not and do not pay the minimum wage to other similarly situated workers. Plaintiff brings a Collective and Class Action to recover unpaid minimum wage compensation owed to himself and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective and Class Actions are hereinafter referred to as "Class Members."

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. §1854(a), and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

7. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

8. Employees of Defendant West Michigan Hopyards LLC, were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

9. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

10. Defendant West Michigan Hopyards LLC employed more than two persons during the relevant time.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

12. Plaintiff Jose J. Magana Garcia, ("Jose") is an individual who at all relevant times to this complaint resided in the County of Kent, state of Michigan.

13. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

14. Defendant West Michigan Hopyards LLC ("WMH") is a Michigan limited liability corporation based in Kent County, Michigan. At all times relevant to this action, Defendant WMH owned or operated a farm near Rockford and Greenville, Michigan and produced hops for the brewing industry for sale in interstate commerce.

15. At all times relevant to this action West Michigan Hopyards, was an agricultural employer of the Plaintiff within the meaning of the AWPA, 29 U.S.C. §1802(2), in that it owned or operated a farm and employed the Plaintiff and other migrant or seasonal agricultural workers.

16. At all times relevant to this action, West Michigan Hopyards Employed the Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(d).

17. Defendant West Michigan Hopyards has their principal place of business located at 11908 Elkins St. NE, Greenville, Michigan 48838.

18. Defendant Jason Jaekel is a resident of Kent County, Michigan. Defendant Jason Jaekel is the managing partner of Defendant West Michigan Hopyards. At all times relevant to this action, Defendant Jason Jaekel owned or operated a farm near Rockford and Greenville, Michigan and produced hops for the brewing industry for sale in interstate commerce.

19. At all times relevant to this action, Defendant Jason Jaekel was an agricultural employer of the Plaintiff within the meaning of the AWPA, 29 U.S.C. §1802(2), in that he owned or operated a farm and employed the Plaintiff and other migrant or seasonal agricultural workers.

20. At all times relevant to this action, Defendant Jason Jaekel employed the Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(d).

21. Defendant Bryan Posthumus, is a resident of Kent County, Michigan. Defendant Bryan Posthumus is the managing partner of Defendant West Michigan Hopyards. At all times relevant to this action, Defendant Bryan Posthumus owned or operated a farm near Rockford and Greenville, Michigan and produced hops for the brewing industry for sale in interstate commerce.

22. At all times relevant to this action, Defendant Bryan Posthumus was an agricultural employer of the Plaintiff within the meaning of the AWPA, 29 U.S.C. §1802(2), in that he owned or operated a farm and employed the Plaintiff and other migrant or seasonal agricultural workers.

23. At all times relevant to this action, Defendant Bryan Posthumus employed the Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(d).

**GENERAL ALLEGATIONS**

24. Plaintiff Jose worked from approximately August of 2015 through May 2023.

25. Plaintiff was hired to cultivate and harvest Defendants' hops in and near Kent County, Michigan.

26. Plaintiff was promised to be compensated at the end of each working day, which did not occur.

27. Defendants' main farm is located 11908 Elkins St. NE, Greenville, Michigan 48838, but have an additional 3 farms located around Rockford and Greenville.

28. Plaintiff worked on all three of Defendant's WMH farms.

29. At all relevant times of this complaint, Plaintiffs performed general farm work duties at the instruction and direction of the Defendants.

30. At all relevant times to this complaint, Plaintiff was not compensated for all hours worked during his employment with Defendants.

31. At all relevant times to this complaint, Plaintiff worked between 10 to 12 hours a day, sometimes even longer.

32. Plaintiff did not have a set schedule they would be informed from Defendant of when there was work to be completed.

33. Plaintiff was compensated between $11 and $22 an hour throughout his employment.

34. Defendants failed to compensate Plaintiff for all hours worked.

35. Defendant failed to compensate Plaintiff in a timely manner.

36. Plaintiff often went 20 days without receiving compensation for the work that was completed.

37. There were instances where Plaintiff's compensation was missing hours.

5

38. Plaintiff Jose brought this to the attention of the Defendants and was disregarded.

39. Plaintiff Jose also noticed discrepancies in his earnings on his W2's were significantly less than what he was actually paid him for that year.

40. Defendants failed to provide potable water to the Plaintiffs during the workday.

41. The Defendants also failed to provide portable bathrooms or access to a bathroom when working in the fields. Plaintiff would travel miles away from the farms to the nearest gas station to use the bathroom.

42. Three of the farms had bathrooms at the main building, but were either out of service or blocked by an aggressive dog preventing access.

43. Defendants refused to pay each Plaintiff's wages directly and instead issued one check to the group to divide up among them.

44. At all times relevant to this complaint, Plaintiff was an adult seasonal agricultural worker within the meaning of the AWPA, 29 U.S.C. § 1802(10)(A).

45. At all times relevant to this complaint, Plaintiff was engaged in the production of goods for sale in interstate commerce.

46. At all relevant times to this complaint, Defendants were an agricultural employer within the meaning of the AWPA, 29 U.S.C. § 1802(2).

47. At all relevant times to this complaint, Defendant Jason Kaekel owned or operated a farm and employed Plaintiffs and other migrant or seasonal agricultural workers.

48. At all relevant times to this complaint, Defendant Bryan Posthumus owned or operated a farm and employed Plaintiffs and other migrant or seasonal agricultural workers.

49. At all relevant times to this complaint, Defendants were Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. §203(d).

50. At all relevant times to this complaint, Defendants employed Plaintiff within the meaning of FLSA, 29 U.S.C. § 203(g).

## **WILLFUL VIOLATIONS OF THE FLSA**

51. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

52. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

53. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## **COLLECTIVE ACTION ALLEGATIONS**

54. Plaintiff realleges and incorporates herein all previous paragraphs.

55. All claims set forth in all Counts of this action are brought pursuant to the FLSA, 29 U.S.C. § 216(b).  Named Plaintiff brings this count on his own behalf and on behalf of all other current or former employees who 1) worked or are working for Defendants at any time in the three years prior to the filing of this action, and 2) were or are subject to the violations of the FLSA described in Count II and III.  Named Plaintiff does not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

56. With respect to all Counts, a collective action under the FLSA is appropriate because under 29 U.S.C. § 216(b) the employees described are "similarly situated" to the named Plaintiff.

57. The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiff, were or are subject to the same or similar unlawful practices, policy, or plan as the individually named Plaintiff, and their claims are based upon the same legal theory as the individually named Plaintiff.

58. The precise numbers of class individuals are known only to the Defendants, and are believed to include well over 10 individuals.

59. The class of individuals spans all employees who worked for Defendants.

60. As such, the class of similarly situated Class Members are properly defined as follows:

    *Current and former employees of West Michigan Hopyards LLC, Jason Jakekel and Bryan Posthumus, who were not compensated the mandated minimum wage for all hours worked during a workweek.*

    Plaintiff reserve the right to amend this definition as necessary.

## CLASS ACTION ALLEGATIONS

61. Plaintiff brings Count I of this action as a class action pursuant to Federal Rule of Civil Procedure 23.

62. Named Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter the "Class"):

**The Rule 23 Class is defined as follows:**

*Current and former employees of West Michigan Hopyards LLC, Jason Jakekel and Bryan Posthumus, who worked six years before filing this complaint and who were subject to the same terms and conditions of employment as Plaintiff.*

Plaintiff reserve the right to amend this definition as necessary.

63. All requirements of Federal Rule of Civil Procedure 23 are satisfied to maintain a class action.

64. The individuals in the Class are so numerous that joining all members is impracticable. While the exact number of Class members has not been determined at this time, upon information and belief, Defendants have employed over 40 Class members during the relevant time period. Plaintiff and members of the Rule 23 Class were equally affected by Defendants' violations of law.

65. There are questions of law and fact common to the Class that predominate over any questions affecting individual members, including, but not limited to:

a. Whether Defendants violated the rights of Plaintiff and the Class by failing to properly pay them the mandated minimum wage for all hours worked in a workweek;

b. The amount of damages, restitution, and/or other relief (including all applicable civil penalties, liquidated damages, and equitable relief available to which Plaintiff and the Class Members are entitled); and

c. Whether Defendant should be enjoined from such violations in the future.

66. Plaintiff's claims are typical of those of the Class. Plaintiff, like other members of the Class, were subjected to Defendants' policies and willful practices of failing to pay the mandated minimum wage as required for all hours in a workweek. Plaintiff and members of the Rule 23 Class have sustained similar injuries as a result of the Defendants' actions.

67. Plaintiff is an adequate representative of the Class. Plaintiff retained counsel experienced in complex wage and hour cases and collective/class action litigation.

68. Plaintiff is a member of the Class. Given Plaintiff's injuries and losses, Plaintiff is committed to the prosecution of this action for the benefit of the Class.

69. Plaintiff has no interest that would cause him to act adversely to the best interests of the class action litigation. This action is maintainable as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants.

70. This action is maintainable as a class action because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

71. Plaintiff intends to send notice to all members of the Rule 23 Class to the extent required by the Federal Rules of Civil Procedure.

## COUNT I
## VIOLATION OF THE MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT, (AWPA) 29 U.S.C. §1801 et seq.

72. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

73. At all relevant times to this complaint, Plaintiff was a migrant and/or seasonal agricultural worker within the meaning of the AWPA, 29 U.S.C. §1802(8)(a) & 1802(10)(a).

74. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the AWPA, 29 U.S.C. § 1802(5).

75. At all relevant times to this complaint, Defendants failed to make, keep and preserve records as required by the AWPA, 29 U.S.C. § 1821(d)(1) and 1831(c)(1).

76. Defendants failed to accurately record the number of compensable hours worked by Plaintiff.

77. Defendants violated, without justification, the terms of the working arrangement made by the Defendant with the Plaintiff, including those aspects of the working relationship that are required by law, as prohibited under 29 U.S.C. §1822(c) & §1832(c).

78. In violation of the AWPA, 29 U.S.C. § 1822(a) and 1832(a), Defendants failed to pay Plaintiff his wages when due for work performed.

79. The violations of the AWPA as set forth in this count were the natural consequences of the conscious and deliberate actions of Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

80. As a result of Defendants' violations of the AWPA as set forth in this count, Plaintiff has suffered damages.

81. Where the court finds an intentional violation of the provisions of this Act, the AWPA provides for damages equal to actual damages or for statutory damages of up to $500.00 per violation.  29 U.S.C. § 1854(c)(1).

### COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY STATUTORY MINIMUM WAGE

82. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

83. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

84. At all relevant times to this action, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

85. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

86. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

87. Defendants have failed to pay Plaintiff for all hours worked.

88. Defendants' violations of the FLSA were knowing and willful.

89. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for violations of the FLSA an employee is entitled to their unpaid wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

90. As a result of the violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT III**
**VIOLATION OF MICHIGAN'S IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 et seq.,**
**FAILURE TO PAY MINIMUM WAGE**

91. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

92. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq*.

93. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

94. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

95. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931.

96. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

97. As a result of Defendants' violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of Defendant complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of Defendant complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. The actions of Defendant complained of herein be adjudicated, decreed, and declared a breach of their obligations under the AWPA;

D. Defendant be ordered to pay Plaintiff his unpaid wages together with an equal amount in liquidated damages;

E. Defendant be ordered to pay Plaintiff liquidated damages equal to the amounts for which he was not timely compensated;

F. Defendant be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

G.  Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA;

H.  Awarding Plaintiff $500 in statutory damages for each of the violations of the AWPA; and

I.  The Court grants such other and further relief as the Court may deem just or equitable.

Respectfully Submitted,

*/s/   Robert Anthony Alvarez            .*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiffs, by and through his attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/   Robert Anthony Alvarez            .*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC