UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE J. MAGANA GARCIA,
MARIA J. FONSECA,
CRISTAL MAGANA GARCIA,                    Case No.:1:24-cv-01179
RAFAEL RILEY,                             Hon. Philip J. Green
MILTZA RODRIGUEZ MAGANA,
DARQUIS DAMAR,
ANDREA E. FONSECA MAGANA,
FLOR E. MAGANA GARCIA,
FERNANDO ALFARO,
CRISTIAN A. RODRIGUEZ MAGANA,
CHRISTOPHER MAGANA GARICA,
DIEGO SANTAY,
ANAMARIA PALEL-SANTAY
and individuals,
Plaintiffs

v.

WEST MICHIGAN HOPYARDS LLC,
a Domestic Limited Liability Company,
JASON JAEKEL an individual,
Bryan POSTHUMUS an individual,
jointly and severally,
Defendants

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Victor M. Jimenez Jr. (P85194)<br>Attorneys for Plaintiffs<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avanitlaw.com<br>vjimenez@avantilaw.com | |

**PLAINTIFFS' AMENDED COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiffs, by and through their attorneys at the Avanti Law Group, PLLC, and

their Amended Complaint states as follows:

1

1.     This is a civil action brought on behalf of Plaintiffs, to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*, the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq.*, and the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. § 1802.

2.     During the period of the parties' employment relationship, Defendants failed to compensate Plaintiffs with the mandated minimum wage for all hours worked.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. §1854(a), and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

4.     This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

5.     Supplemental jurisdiction is appropriate because Plaintiffs' state law claims share a common nucleus of operative fact with Plaintiffs' federal claims and the claims are most efficiently resolved together in one court.

6.     Employees of Defendant West Michigan Hopyards LLC, were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

7.     Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

2

8.      Defendant West Michigan Hopyards LLC employed more than two persons during the relevant time.

9.      Defendant Jason Jaekel, employed more than two persons during the relevant time.

10.     Defendant Bryan Posthumus, employed more than two persons during the relevant time.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

12.     Plaintiff Jose J. Magana Garcia ("Jose") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at Exhibit A.

13.     Plaintiff Maria J. Fonseca Magana,  ("Maria") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at Exhibit A.

14.     Plaintiff  Cristal Magana Garcia ("Cristal") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at Exhibit A.

15.     Plaintiff  Rafael Riley ("Rafael") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at Exhibit A.

16.     Plaintiff  Miltza Rodriguez Magana ("Miltza") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at Exhibit A.

3

17. Plaintiff Darquis Damar ("Darquis") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at Exhibit A.

18. Plaintiff Andrea E. Fonseca- Magana ("Andrea") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at Exhibit A.

19. Plaintiff Flor E. Fronseca Magana, ("Flor") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at Exhibit A.

20. Plaintiff Fernando Alfaro ("Fernando") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at Exhibit A.

21. Plaintiff Cristian A. Rodriguez Magana, (" Cristian") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at Exhibit A.

22. Plaintiff Christopher Magana Garcia ("Christopher") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at Exhibit A.

23. Plaintiff Diego Miguel Calel Santay ("Diego") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan, and whose consent to sue is attached at Exhibit A.

4

24. Plaintiff  AnaMaria Palel-Santay ("AnaMaria") is an individual who at all times relevant to this complaint resided in the County of Los Angeles, State of California and whose consent to sue is attached at Exhibit A.

25. Defendant West Michigan Hopyards LLC ("WMH") is a Michigan limited liability corporation based in Kent County, Michigan. At all times relevant to this action, Defendant WMH owned or operated a farm near Rockford and Greenville, Michigan  and produced hops for the brewing industry for sale in interstate commerce.

26. At all times relevant to this action West Michigan Hopyards, was an agricultural employer of the Plaintiff within the meaning of the AWPA, 29 U.S.C. §1802(2), in that it owned or operated a farm and employed the Plaintiff and other migrant or seasonal agricultural workers.

27. At all times relevant to this action, West Michigan Hopyards Employed the Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(d).

28. Defendant West Michigan Hopyards has their principal place of business located at 11908 Elkins St. NE, Greenville, Michigan 48838.

29. Defendant Jason Jaekel is a resident of  Kent County, Michigan. Defendant Jason Jaekel is the managing partner of Defendant West Michigan Hopyards.  At all times relevant to this action, Defendant Jason Jaekel owned or operated a farm near Rockford and Greenville, Michigan  and produced hops for the brewing industry for sale in interstate commerce.

30.  At all times relevant to this action, Defendant Jason Jaekel was an agricultural employer of the Plaintiff within the meaning of the AWPA, 29 U.S.C. §1802(2), in that he owned or operated a farm and employed the Plaintiff and other migrant or seasonal agricultural

5

workers.

31. At all times relevant to this action, Defendant Jason Jaekel employed the Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(d).

32. Defendant Bryan Posthumus, is a resident of  Kent County, Michigan. Defendant Bryan Posthumus is the managing partner of Defendant West Michigan Hopyards.  At all times relevant to this action, Defendant Bryan Posthumus owned or operated a farm near Rockford and Greenville, Michigan  and produced hops for the brewing industry for sale in interstate commerce.

33. At all times relevant to this action, Defendant Bryan Posthumus was an agricultural employer of the Plaintiffs within the meaning of the AWPA, 29 U.S.C. §1802(2), in that he owned or operated a farm and employed the Plaintiff and other migrant or seasonal agricultural workers.

34. At all times relevant to this action, Defendant Bryan Posthumus employed the Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(d).

## GENERAL ALLEGATIONS

35. Plaintiffs  from approximately August of 2015 through May 2023.

36. Plaintiffs were hired to cultivate and harvest Defendants' hops in and near Kent County, Michigan.

37. Plaintiffs were promised to be compensated at the end of each working day, which did not occur.

38. Defendants' main farm is located 11908 Elkins St. NE, Greenville, Michigan 48838, but have an additional 3 farms located around Rockford and Greenville.

39.  Plaintiffs worked on all three of Defendant's WMH farms.

40. At all relevant times of this complaint, Plaintiffs performed general farm work duties at the instruction and direction of the Defendants.

41. At all relevant times to this complaint, Plaintiffs were not compensated for all hours worked during their employment with Defendants.

42. At all relevant times to this complaint, Plaintiffs worked between 10 to 12 hours a day, sometimes even longer.

43. Plaintiffs did not have a set schedule they would be informed from Defendants of when there was work to be completed.

44. Plaintiffs were compensated between $11 and $22 an hour throughout their employment.

45. Defendants failed to compensate Plaintiffs for all hours worked.

46. Defendants failed to compensate Plaintiffs in a timely manner.

47. Plaintiffs often went 20 days without receiving compensation for the work that was completed.

48. There were instances where Plaintiffs' compensation was missing hours.

49. Plaintiff Jose brought this to the attention of the Defendants and was disregarded.

50. Plaintiff Jose also noticed discrepancies in his earnings on his W2's were significantly less than what he was actually paid him for that year.

51. Defendants failed to provide potable water to the Plaintiffs during the workday.

52. Defendants also failed to provide portable bathrooms or access to a bathroom when working in the fields. Plaintiffs would  travel miles away from the farms to the nearest gas station to use the bathroom.

53. Three of the farms had bathrooms at the main building, but were either out of service or blocked by an aggressive dog preventing access.

54.     Defendants refused to pay each Plaintiffs' wages directly and instead issued one check to the group to divide up among them.

55.     At all times relevant to this complaint, Plaintiffs were an adult seasonal agricultural worker within the meaning of the AWPA, 29 U.S.C. § 1802(10)(A).

56.     At all times relevant to this complaint, Plaintiffs were engaged in the production of goods for sale in interstate commerce.

57.     At all relevant times to this complaint, Defendants were an agricultural employer within the meaning of the AWPA, 29 U.S.C. § 1802(2).

58.     At all relevant times to this complaint, Defendant Jason Kaekel owned or operated a farm and employed Plaintiffs and other migrant or seasonal agricultural workers.

59.     At all relevant times to this complaint, Defendant  Bryan  Posthumus owned or operated a farm and employed Plaintiffs and other migrant or seasonal agricultural workers.

60.     At all relevant times to this complaint, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. §203(d).

61.     At all relevant times to this complaint, Defendants employed Plaintiffs within the meaning of FLSA, 29 U.S.C. § 203(g).

### **WILLFUL VIOLATIONS OF THE FLSA**

62.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiffs.

63. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of Plaintiffs were and is impermissible under the FLSA.

64. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT, (AWPA) 29 U.S.C. §1801 et seq.

65. Plaintiffs hereby incorporate by reference all previous paragraphs as if fully stated herein.

66. At all relevant times to this complaint, Plaintiffs were a migrant and/or seasonal agricultural worker within the meaning of the AWPA, 29 U.S.C. §1802(8)(a) & 1802(10)(a).

67. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the AWPA, 29 U.S.C. § 1802(5).

68. At all relevant times to this complaint, Defendants failed to make, keep and preserve records as required by the AWPA, 29 U.S.C. § 1821(d)(1) and 1831(c)(1).

69. Defendants failed to accurately record the number of compensable hours worked by Plaintiffs.

70. Defendants violated, without justification, the terms of the working arrangement made by the Defendants with the Plaintiffs, including those aspects of the working relationship that are required by law, as prohibited under 29 U.S.C. §1822(c) & §1832(c).

71. In violation of the AWPA, 29 U.S.C. § 1822(a) and 1832(a), Defendants failed to pay Plaintiffs their wages when due for work performed.

72.   The violations of the AWPA as set forth in this count were the natural consequences of the conscious and deliberate actions of Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

73.   As a result of Defendants' violations of the AWPA as set forth in this count, Plaintiffs have suffered damages.

74.   Where the court finds an intentional violation of the provisions of this Act, the AWPA provides for damages equal to actual damages or for statutory damages of up to $500.00 per violation.  29 U.S.C. § 1854(c)(1).

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq.,**
**FAILURE TO PAY STATUTORY MINIMUM WAGE**

75.   Plaintiffs hereby incorporate by reference all previous paragraphs as if fully stated herein.

76.   At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

77.   At all relevant times to this action, Plaintiffs were "employees" of Defendants as the term is defined under the FLSA.

78.   At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs  to work and thus "employed" Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(g).

79.   The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

80.   Defendants have failed to pay Plaintiffs for all hours worked.

81.   Defendants' violations of the FLSA were knowing and willful.

10

82. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for violations of the FLSA an employee is entitled to their unpaid wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

83. As a result of the violations, Plaintiffs are entitled to their unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT III**
**VIOLATION OF MICHIGAN'S IMPROVED WORKFORCE OPPORTUNITY  WAGE ACT, M.C.L. §408.931 et seq.,**
**FAILURE TO PAY MINIMUM WAGE**

84. Plaintiffs hereby incorporate by reference all previous paragraphs as if fully stated herein.

85. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq*.

86. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

87. At all relevant times, Plaintiffs were an "employee" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

88. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931.

89. By failing to compensate Plaintiffs at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

90. As a result of Defendants' violations, Plaintiffs are entitled to their unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request the following relief:

A.    The actions of Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B.    The actions of Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C.    The actions of Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the AWPA;

D.    Defendants be ordered to pay Plaintiffs their unpaid wages together with an equal amount in liquidated damages;

E.    Defendants be ordered to pay Plaintiffs liquidated damages equal to the amounts for which he was not timely compensated;

F.    Defendants be ordered to pay Plaintiffs' costs and reasonable attorney fees pursuant to the FLSA;

G.    Defendants be ordered to pay Plaintiffs' costs and reasonable attorney fees pursuant to the IWOWA;

H.    Awarding Plaintiff $500 in statutory damages for each of the violations of the AWPA; and

I.    The Court grants such other and further relief as the Court may deem just or equitable.


Respectfully Submitted,

/s/   *Robert Anthony Alvarez*          .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiffs
Avanti Law Group PLLC

12

## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiffs, by and through their attorney, and hereby requests a trial by jury

pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Respectfully Submitted,

/s/  *Robert Anthony Alvarez*            .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group PLLC

13