**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSE J. MAGANA GARCIA, MARIA J. FONSECA MAGANA, CRISTAL MAGANA GARCIA, RAFAEL RILEY, MILTZA RODRIGUEZ MAGANA, DARQUIS DAMAR, ANDREA E. FONSECA MAGANA, FLOR E. MAGANA GARCIA, FERNANDO ALFARO, CRISTIAN A. RODRIGUEZ MAGANA, CHRISTOPHER MAGANA GARCIA, DIEGO MIGUEL CALEL SANTAY, and ANAMARIA PALEL-SANTAY, individually,

Case No. 1:24-cv-01179-PJG

Hon. Phillip J. Green

Plaintiffs,

v.

WEST MICHIGAN HOPYARDS LLC, a Domestic Limited Liability Company, JASON JAEKEL, an individual, and BRYAN POSTHUMUS, an individual, jointly and severally,

Defendants.
______________________________________________/

AVANTI LAW GROUP, PLLC
Robert Anthony Alvarez (P66954)
Victor M. Jimenez Jr. (P85194)
Juan A. Salazar-Aguero (P86234)
Attorneys for Plaintiffs
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
vjimenez@avantilaw.com

SBS LAW PLC
Todd A. Stuart (P70187)
Attorneys for Defendants
234 Division Ave N, Suite 400
Grand Rapids, MI 49503
(616) 333-2427
tstuart@sbslawplc.com

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEY'S FEES (ECF NO. 61)**

**SUMMARY**

Defendants West Michigan Hopyards LLC ("Hopyards"), Bryan Posthumus ("Posthumus"), and Jason Jaekel ("Jaekel") (together, "Defendants") do not ask the Court to revisit

its ruling on their motion to compel (ECF No. 46) (the "Motion"). Nor do they contest the hours or the hourly rates in Plaintiffs' petition (ECF No. 61) (the "Petition").

Defendants ask for one thing. Part of the work the Petition prices concerns plaintiff depositions, and that part of the Motion is now before the Court on reconsideration (ECF No. 63). Defendants ask the Court to award $4,511.85 now and to hold the remaining $1,428.15 until it decides that motion.

**BACKGROUND**

On September 24, 2026, the Court denied the Motion. It directed Plaintiffs to petition for "reasonable costs, including attorney fees, associated with responding to Defendants' motion to compel" (ECF No. 58, PageID.731). It gave Defendants fourteen days after service to respond (id.).

Plaintiffs filed the Petition on October 7, 2026. It seeks $5,940 for the time Plaintiffs spent on their response to the Motion (ECF No. 51) (the "Response") (ECF No. 61, PageID.762). A declaration from Plaintiffs' counsel, Robert Anthony Alvarez, supports it (ECF No. 61-1).

On October 11, 2026, Defendants moved for reconsideration of the deposition portion of the Motion (ECF No. 63) (the "Reconsideration Motion"). The Court directed Plaintiffs to respond within seven days of October 19, 2026 (ECF No. 66).

**LEGAL STANDARD**

When a motion to compel is denied, the court must require the movant to pay the opposing party "its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). When a motion "is granted in part and denied in part," the court "may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

The Court measures a reasonable fee by the lodestar method. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *Accord Ruiz Gonzalez v. Taqueria El Texano, LLC*, No. 1:24-cv-967, ECF No. 23, PageID.108 (W.D. Mich. Jan. 27, 2026) (report and recommendation), *adopted*, ECF No. 24 (W.D. Mich. Feb. 17, 2026).

## ARGUMENT

### I. THE SHARE OF THE RESPONSE DEVOTED TO PLAINTIFF DEPOSITIONS SHOULD BE HELD UNTIL THE COURT DECIDES RECONSIDERATION

#### A. The deposition dispute is now before the Court.

Part of the work this Petition prices is now before the Court. The Reconsideration Motion asks the Court to measure the plaintiff-deposition portion of the Motion against the September 11, 2026 deposition deadline (ECF No. 63-1, PageID.778–80). If the Court grants that relief, the Motion will have been granted in part and denied in part. Rule 37(a)(5)(C) then makes any award discretionary and permits the Court to apportion it.

#### B. The deposition share is about one quarter of the Response.

The Response argued the plaintiff depositions in its discussion of the deposition limit and in its proposed schedule (ECF No. 51, PageID.656, 661). Its account of the August deposition notices and conferral served that same argument (id. at PageID.647–48). Its introduction, its scheduling history, its conferral argument, and its account of delay served both halves of the Motion (id. at PageID.643–50, 653, 661–62). That shared foundation supported the deposition dispute as much as the written-discovery dispute.

The Petition does not divide its time by issue, so Defendants measure the share by the Response itself. By word count, passages devoted to plaintiff depositions make up 9.11% of the

Response.[1] Passages that served both halves of the Motion make up another 29.87%. Allocating half of that shared foundation to the deposition dispute places 24.04% of the Response's work on plaintiff depositions.

Applied to the $5,940.00 Plaintiffs request, the deposition share is $1,428.15. The remainder is $4,511.85. Defendants ask the Court to award the remainder now and to hold the deposition share until it decides the Reconsideration Motion.

## CONCLUSION

Defendants respectfully request that the Court:

1. Award Plaintiffs $4,511.85 under the September 24, 2026 Order (ECF No. 58);

2. Hold the remaining $1,428.15 until the Court decides the Reconsideration Motion (ECF No. 63); and

3. If the Court grants the Reconsideration Motion, decline to award the held amount under Fed. R. Civ. P. 37(a)(5)(C).

[1] Counts cover the body of the Response from the Introduction through the Conclusion (5,721 words). Plaintiff-deposition passages (521 words) are the account of the August 2026 deposition notices and conferral (PageID.647–48), the deposition-limit paragraph (PageID.656), and Part V (PageID.661). Shared passages (1,709 words) are the Introduction, the scheduling-order facts, the July deposition-scheduling facts, the conferral facts and Part I, the delay narrative in Part II, and the Conclusion's general requests. The remaining 3,491 words address written discovery, sequencing, the history of the defense depositions, the settlement conference, and Defendants' proposed order.

Dated: October 21, 2026

Respectfully submitted,
SBS LAW PLC

/s/ John C. Burns
John C. Burns
Todd A. Stuart
234 Division Ave N, Ste 400
Grand Rapids, MI 49503
jburns@sbslawplc.com
tstuart@sbslawplc.com
(616) 333-2427
Attorneys for Defendants

**CERTIFICATE OF COMPLIANCE WITH LCIVR 7.3(B)(II)**

This brief complies with LCivR 7.3(b)(i). It contains 910 words, as counted by Microsoft Word, excluding the parts exempted by the rule.

/s/ John C. Burns
John C. Burns

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2026, I filed the foregoing through the Court's ECF system, which will send notice of the filing to all counsel of record.

/s/ John C. Burns
John C. Burns