**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSE J. MAGANA GARCIA, et al.,

Plaintiffs,

v.

WEST MICHIGAN HOPYARDS LLC, et al.,

Defendants.
_______________________________________/

Case No. 1:24-cv-01179-PJG

Hon. Phillip J. Green

AVANTI LAW GROUP, PLLC
Robert Anthony Alvarez (P66954)
Juan A. Salazar-Aguero (P86234)
Attorneys for Plaintiffs
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
asalazar@avantilaw.com

SBS LAW PLC
Todd A. Stuart (P70187)
John C. Burns
Attorneys for Defendants
234 Division Ave N, Suite 400
Grand Rapids, MI 49503
(616) 333-2427
tstuart@sbslawplc.com
jburns@sbslawplc.com

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION (ECF NO. 63)**

**INTRODUCTION**

On September 24, 2026, this Court denied Defendants' Consolidated Motion (ECF No. 46) on two grounds that the Court described as "*separate and sufficient bases to deny the motion*": the motion was untimely, and it was filed without the certificate that LCivR 7.1(d) and paragraph 5(a) of the Case Management Order require. (ECF No. 59, PageID.736). Defendants now ask the Court to reconsider the first ground as to one part of their motion. They do not ask the Court to reconsider the second. They acknowledge that the certificate was never filed with the motion. (ECF No. 63-1, PageID.775 n.1).

That acknowledgment resolves the present motion. LCivR 7.4(a) requires a movant to show not only a palpable defect but also that "a different disposition of the case must result from a correction thereof." Because the certificate ground independently supports the denial of ECF No. 46 in full, correcting the timeliness analysis would not change the result. The motion also re-presents an argument Defendants made in writing before the hearing and again at the hearing, and it seeks deposition relief that ECF No. 46 made contingent on the written-discovery relief Defendants no longer contest.

The alternative request to modify the Case Management Order fares no better. Good cause under Rule 16(b)(4) turns first on diligence. Defendants noticed thirteen depositions for August dates, let those dates pass, never served the amended notices they said they would serve, and noticed no Plaintiff even after filing the September 6th motion despite the deadline for discovery not having yet passed. They now ask the Court to reopen discovery for ten depositions and to move the dispositive-motion deadline a third time despite showing no good cause for their delay in seeking any deposition in the ***one year and four months*** since the entry of the first Case Management Order (CMO) in this matter. (ECF No. 19, PageID.106-08). This case has been pending for nearly two years. (ECF No. 1). The motion should be denied.

## BACKGROUND

### A. The schedule

The Case Management Order limits depositions to "10 per party," requires that "[a]ll depositions must be completed before the close of discovery," and provides that "[t]here shall be no deviations from this order without prior approval of the court upon good cause shown." (ECF No. 19, PageID.106-07). It states the Court's policy "to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and

good faith effort to reach agreement with opposing counsel on the matters set forth in the motion." (*Id.* ¶ 5(a), PageID.108). On July 30, 2026, on the parties' stipulation, the Court extended discovery for a second time to September 11, 2026 only "for the completion of party depositions." (ECF No. 42, ¶ 1(a), PageID.206).

**B. The August notices and correspondence.**

On August 3, 2026, Defendants noticed all thirteen Plaintiffs for dates between August 18 and August 31, 2026. (ECF No. 46, ¶ 7, PageID.219). This is the first and only time Defendants issued any deposition notices for the additional twelve Plaintiffs. Those notices were possible only because the parties had stipulated to extend discovery for the sole purpose of depositions, after Plaintiffs' repeated efforts to obtain dates for the defense depositions. (*See* ECF No. *51-3*, PageID.669-671). On August 12, Plaintiffs' counsel explained that the first noticed week conflicted with counsel's schedule, offered to produce "ten deponents of Defendants' choosing, within the discovery period," listed eight alternative dates, each "within the September 11, 2026 discovery deadline," asked once again for dates for the defense depositions, and ***requested a telephone conference***. (ECF No. 48-15, PageID.591-92, 595).

On August 14, Defendants proposed a calendar for all thirteen Plaintiffs between August 27 and September 4 and stated that "Defendants will serve amended notices upon your written confirmation of this schedule." (ECF No. 48-16, PageID.597). The email added that, absent written agreement by August 17, "the August 18 through 21 notices will remain in effect." (*Id.*, PageID.599). The same email offered Bryan Posthumus on September 8 and Jason Jaekel on September 9. (*Id.*, PageID.597). On August 20, Plaintiffs served notices for those two dates and asked Defendants to "provide us with the re-notices for our clients' depositions." (ECF No. 48-17, PageID.603). Defendants did not follow up on the depositions scheduled for August 18

through 21 and did not provide a location for those noticed depositions. In fact, the notices served by Defendants specifically state that an amended notice with those details is forthcoming. (*See* ECF No. 48-12).

Defendants did not serve amended or renewed notices for any Plaintiff. By their own account, they "left the August Plaintiffs' notices in place" and "released the court reporter for each date." (ECF No. 56, PageID.714). Every date in the August 3 notices had passed when Defendants filed ECF No. 46 on September 6, and no additional notices or amended notices were served prior to the September 11 expiration of the extended discovery deadline.

**C. ECF No. 46**

Defendants asked the Court to compel answers to written discovery served on July 1 and to enter a protective and sequencing order under which "Plaintiffs must serve their compelled answers and documents first, the thirteen Plaintiff depositions follow on dates certain," and the defense depositions follow the last Plaintiff deposition. (ECF No. 46, ¶ 12, PageID.220). Its prayer for relief asked for "all thirteen Plaintiff depositions taken on dates certain within thirty days after that compliance." (*Id.*, PageID.221). The motion stated that the deposition window closed on September 11. (*Id.* ¶ 16, PageID.220). It also stated that a LCivR 7.1(d) certificate "is filed with this motion." (*Id.* ¶ 15, PageID.220). No certificate was filed. (ECF No. 63-1, PageID.775 n.1, 776).

On September 21, in their opposition to Plaintiffs' motion to compel, Defendants argued that ECF No. 46 "was not untimely" because the Court had extended "Completion of Discovery" to September 11 and "the motion was filed on September 6." (ECF No. 56, PageID.724). The same brief stated that Defendants' motion "should have been filed sooner" (*id.*, PageID.721) and attached a certificate describing the August correspondence (*id.*, PageID.726-27).

**D. The September 24 Order and this Motion**

At the outset of the hearing, the Court told defense counsel that "[b]oth the untimeliness and the failure to file the 7.1(d) certificate are separate and sufficient bases to deny the motion." (ECF No. 59, PageID.736). Defense counsel responded that the parties had extended discovery "for the completion of depositions through . . . September 11th," and the Court answered, "Yes." (*Id.*, PageID.737). The Court then questioned counsel about Defendants' approach to the Plaintiffs' depositions and their conferral. (*Id.*, PageID.740-44). It ruled: "The motion is untimely, no 7.1(d). The motion is denied." (*Id.*, PageID.747; *see also id., PageID.748* ("none of that has anything to do with you failing to file a 7.1(d)")). The Court later found that Defendants' motion was "wholly unfounded" and awarded Plaintiffs their costs of responding to it. (*Id.*, PageID.758-59). The written Order denied ECF No. 46 "for the reasons stated on the record." (ECF No. 58, PageID.730). The Court granted Plaintiffs' motion to compel the depositions of Defendants, who had confirmed in writing that they would not appear on the dates they had offered, September 8 and 9. (ECF No. 58, PageID.730-31; ECF No. 56, PageID.714-15). The Rule 30(b)(6) deposition proceeded on October 12. (ECF No. 64, ¶ 3, PageID.786).

Defendants filed this motion on October 11, 2026, seventeen days after the Order and the day before the first defense deposition. (ECF No. 63). Defendants did not serve any deposition notices after August 3, 2026. On October 19, the Court directed Plaintiffs to respond. (ECF No. 66).

## LEGAL STANDARD

Under LCivR 7.4(a), motions for reconsideration "that merely present the same issues ruled upon by the court shall not be granted." The movant must demonstrate "a palpable defect

by which the court and the parties have been misled" and must also show "that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a); *see Decker Mfg. Corp. v. Travelers Indem. Co.*, 106 F. Supp. 3d 892, 895 (W.D. Mich. 2015). Defendants also invoke Rule 54(b). Under that rule, "courts will find justification for reconsidering interlocutory orders whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the ***moving party's diligence*** in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (emphases added)). A court may modify a schedule for good cause only "if it cannot reasonably be met ***despite the diligence*** of the party seeking the extension." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment) (emphases added). Prejudice to the opposing party is also considered. *Id.*; *Inge*, 281 F.3d at 625.

## ARGUMENT

### I. <u>THE MOTION FOR RECONSIDERATION SHOULD BE DENIED</u>

#### A. The certificate ground independently supports the Order, and Defendants do not challenge it, so no different disposition can result.

A nondispositive motion must "be accompanied by a separately filed Certificate Regarding Motion Concurrence specifying the date, time, and duration of the conference." W.D. Mich. LCivR 7.1(d)(ii)(B). The Court may deny a motion that does not comply. W.D. Mich. LCivR 7.1(d)(iii). Failure to follow the rule "provides a sufficient basis in itself to deny a motion." *Griffin v. Reznick*, 609 F. Supp. 2d 695, 705 (W.D. Mich. 2008) (internal quotation marks and citation omitted). The Case Management Order states the same requirement for discovery motions (ECF No. 19, ¶ 5(a), PageID.108), and Rule 37(a)(1) requires that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer" with the opposing party. Fed. R. Civ. P. 37(a)(1).

ECF No. 46 did not include the certificate it said was attached. The Court identified the omission at the outset of the hearing as one of two "separate and sufficient bases to deny the motion," and it denied the motion on both: "The motion is untimely, no 7.1(d). The motion is denied." (ECF No. 59, PageID.736, 747). Defendants acknowledge that the omission was counsel's error and that the certificate was first supplied on September 21 in a brief opposing a different motion. (ECF No. 63-1, PageID.775 n.1, 776). Their motion does not argue that the Court erred on that ground. Defendants now also acknowledge that Plaintiffs conferred before filing their own motion. (*Id.*, PageID.776 n.2). The two motions do not stand on the same footing. Defendants' motion asks only that the deposition portion of ECF No. 46 "be measured against the same date as Plaintiffs' motion." (*Id.*, PageID.773).

That framing does not satisfy LCivR 7.4(a). The rule requires a showing that "a different disposition of the case must result" from correcting the asserted defect. If the Court were to accept Defendants' timeliness argument in full, ECF No. 46 would still have been filed without the required certificate, and the independent ground on which the Court denied it would remain.

The disposition would be the same. Defendants' own authority illustrates the point by contrast. In *Saltmarshall v. VHS Children's Hospital of Michigan, Inc.*, 402 F. Supp. 3d 389, 393-94 (E.D. Mich. 2019), the court granted reconsideration because it had not considered alternative grounds that the movant had presented. Here, Defendants ask the Court to revisit one ground while leaving in place the independent ground the Court considered and relied on.

**B. The motion presents an issue the Court has already ruled on**

LCivR 7.4(a) bars reconsideration motions "that merely present the same issues ruled upon by the court." *See Decker*, 106 F. Supp. 3d at 895 (declining to revisit a prior ruling where the party was "re-arguing the same issue already ruled on"). Defendants' timeliness argument was before the Court three times before it ruled. ECF No. 46 stated that the deposition window closed on September 11. (ECF No. 46, ¶ 16, PageID.220). Defendants' September 21 brief argued that ECF No. 46 "was not untimely" for that reason. (ECF No. 56, PageID.724). And at the hearing, counsel told the Court that discovery had been extended "for the completion of depositions through . . . September 11th," and the Court answered, "Yes." (ECF No. 59, PageID.737). The Court then examined the deposition dispute before ruling, asking whether Defendants had intended to depose Plaintiffs at all and observing that a party relying on interrogatory answers to decide whether depositions were needed "wouldn't have known that until after discovery closed." (*Id.*, PageID.741). An argument that was briefed, argued, and acknowledged is not a defect "by which the court and the parties have been misled." W.D. Mich. LCivR 7.4(a). Nor does Rule 54(b) supply a different path, as Defendants identify no change in controlling law and no new evidence, and, for the reasons in Parts I.A and I.C, there is no clear error to correct. *See Hotels.com*, 590 F.3d at 389.

### C. Measured against September 11, the deposition request still fails

Defendants' argument assumes that ECF No. 46 presented a freestanding request to compel depositions that was timely on its own terms. The record shows otherwise, for two reasons.

First, ECF No. 46 did not ask the Court to compel depositions independent of the written discovery. It asked the Court to require Plaintiffs to "serve their compelled answers and documents first," with the Plaintiff depositions to follow, and it asked for the depositions "within thirty days after that compliance." (ECF No. 46, ¶ 12, PageID.220; *id.*, PageID.221). Defendants now accept the ruling that the written-discovery relief was untimely. (ECF No. 63-1, PageID.773, 778). The deposition relief ECF No. 46 requested was sequenced behind relief that Defendants concede was properly denied. What Defendants now seek, ten depositions untethered to written discovery on a new schedule (ECF No. 63-1, PageID.779, 782), is a different request. It is not a correction of the Order.

Second, on September 6, there was no noticed deposition to compel. "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Defendants' August 3 notices set dates between August 18 and August 31, the last of which had passed six days before the motion was filed. (ECF No. 46, ¶ 7, PageID.219). Defendants stated that they would serve amended notices for their proposed calendar, and Plaintiffs asked for those notices on August 20. (ECF No. 48-16, PageID.597; ECF No. 48-17, PageID.603). None was served at the time of their motion, and none have been served since. (ECF No. 56, PageID.714, 727).

That difference, not a different deadline, is why the two motions were decided differently. Plaintiffs noticed the defense depositions for September 8 and 9, the dates Defendants themselves had offered, and Defendants confirmed they would not appear. (ECF No. 48-16, PageID.597; ECF No. 48-17, PageID.603; ECF No. 56, PageID.714-15). That is the situation addressed in *Yates v. U.S. Bank National Ass'n*, on which Defendants rely. There, the court compelled a deposition because the movant had "properly noticed the deposition . . . before the close of discovery" and the opposing side had "cancelled the first scheduled deposition." *Yates v. U.S. Bank Nat'l Ass'n*, No. 2:11-cv-10778, 2012 WL 4017945, at *2 (E.D. Mich. Sept. 12, 2012). Plaintiffs' motion fit that description. Defendants' did not.

## II. THE ALTERNATIVE REQUEST TO MODIFY THE CASE MANAGEMENT ORDER SHOULD BE DENIED

### A. Defendants have not shown diligence.

Defendants describe themselves as having "acted within days at every step." (ECF No. 63-1, PageID.781). The record shows a different sequence. The twelve added Plaintiffs joined the case on February 18, 2026. (ECF No. 35). Defendants served their written discovery on July 1, the last permissible day (ECF No. 46, ¶ 1, PageID.217), and noticed the Plaintiff depositions on August 3 (*id.* ¶ 7, PageID.219). This is the first and only time Defendants issued any deposition notices for the additional twelve Plaintiffs and only possible because the parties stipulated to extend discovery for depositions after Plaintiffs' repeated efforts to obtain dates for the defense depositions. (*See* ECF No. *51-3*, PageID.669-671).

After proposing a revised calendar on August 14, Defendants did not serve the amended notices they described, did not answer Plaintiffs' August 20 request for them, and filed ECF No. 46 seventeen days later. (ECF No. 48-16, PageID.597; ECF No. 48-17, PageID.603; ECF No. 56,

PageID.727). They have since acknowledged that ECF No. 46 "should have been filed sooner." (ECF No. 56, PageID.721; *see also* ECF No. 59, PageID.758). At the hearing, defense counsel confirmed, "more or less," that Defendants had been unwilling to produce their own witnesses unless Plaintiffs first responded to written discovery and were deposed, and the Court found that "an improper contingency." (ECF No. 59, PageID.757). In more than one year and four months of open discovery, the August 3, 2026 notices were the only deposition notices Defendants served on any Plaintiff.

In the related context of requests for additional discovery, the Sixth Circuit has explained that "[t]he overarching inquiry . . . is whether the moving party was ***diligent*** in pursuing discovery," *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010) (emphases added), and that a party seeking discovery has "the burden of making appropriate formal requests when informal requests are unavailing," *id.* at 480. Defendants relied on a proposed calendar and did not take the formal step that Rule 30(b)(1) requires. That is not the diligence Rule 16(b)(4) demands. *See Inge*, 281 F.3d at 625; *Leary*, 349 F.3d at 906.

Defendants also argue that, without the requested relief, Plaintiffs will reach summary judgment without having been deposed. (ECF No. 63-1, PageID.773, 782). That circumstance follows Defendants' own choices in how they litigated this matter. Rule 16(b)(4) asks whether a deadline could not reasonably be met despite the movant's diligence. *Leary*, 349 F.3d at 906. It does not provide relief from the consequences of a schedule the movant did not use.

Defendants also rely on the Court's statements that it saw "no reason in this case for the Court to interfere with the normal discovery process" and that "[t]he parties can take discovery when they want." (ECF No. 63-1, PageID.776, 779, 782). The Court made those statements in explaining why, even apart from the denial of ECF No. 46, it would not have entered the order

Defendants requested requiring Plaintiffs to respond to written discovery and be deposed before Defendants. (ECF No. 59, PageID.758). The statements addressed the sequence of discovery within the deadlines the Court had set. In the same ruling, the Court set a limited deposition window for the defense depositions and a new dispositive-motion deadline. (*Id.*, PageID.759; ECF No. 58, PageID.731). Nothing in the ruling suggested that either side could take discovery after those deadlines without a showing of good cause.

**B. Plaintiffs' August 12 letter does not supply good cause.**

Defendants rely on Plaintiffs' August 12 letter as an offer that "was never withdrawn." (ECF No. 63-1, PageID.780-81). The letter offered ten deponents "within the discovery period" and listed dates "within the September 11, 2026 discovery deadline." (ECF No. 48-15, PageID.591-92). Defendants did not select ten deponents from those dates. They proposed thirteen depositions on a different calendar and stated that amended notices would follow written confirmation. (ECF No. 48-16, PageID.597-99). Plaintiffs responded on August 20 by asking Defendants to issue those notices. (ECF No. 48-17, PageID.603; *see* ECF No. 51, PageID.648). Defendants issued none. Whatever the parties' exchange established, it concerned depositions within a discovery period that closed on September 11. A proposal tied to a deadline that has passed is not a standing agreement to reopen discovery after it.

Defendants also state that Plaintiffs' September 8 brief "again offered the plaintiff depositions 'within thirty days' of an order." (ECF No. 63-1, PageID.781). The passage reads: "If the Court permits the thirteen Plaintiff depositions or any subset, Plaintiffs request that they proceed concurrently with the defense depositions . . . within thirty days, without any condition that written supplementation precede them." (ECF No. 51, PageID.661). That sentence requested

terms in the event of an adverse ruling. The Court did not permit the depositions, and the condition never occurred.

### C. The requested modification would prejudice Plaintiffs and disrupt the schedule the Court set.

Defendants state that "[t]he Court has already extended discovery to October 15, 2026 for depositions" and that the window "is already open." (ECF No. 63-1, PageID.782). The Order extended discovery "for the limited purpose of completing the depositions ordered herein," which were the defense depositions. (ECF No. 58, PageID.731). The only further extension is a stipulated continuation of the Rule 30(b)(6) deposition.[1] That stipulation reopens no other discovery and leaves the dispositive-motion deadline unchanged. (ECF No. 64, ¶¶ 4-5, PageID.786-87; ECF No. 65).

Defendants' proposal would reopen discovery for ten Plaintiff depositions through November 6 and move the dispositive-motion deadline to December 4. (ECF No. 63-1, PageID.779, 782). The dispositive-motion deadline has already been extended twice, most recently to November 13. (ECF No. 33, ¶ 3(b), PageID.141; ECF No. 58, PageID.731). The Plaintiffs are working people, most of whom require interpretation. (ECF No. 48-15, PageID.594). Ten depositions on Defendants' proposed calendar would require Plaintiffs to arrange time away from work, interpreters, and preparation sessions for ten clients in the weeks the parties have to prepare dispositive motions, if they elect to file. That burden falls on Plaintiffs because Defendants did not notice the depositions when the schedule allowed.

The requested relief would also disrupt the settlement conference ordered by the Court. The September 24 Order directed that a settlement conference take place by December 30, 2026.

[1] Which was only necessary because Defendants produced a representative of the corporate entity that was not the person most knowledgeable about topics cited in the notice, and agreed to on the record at that deposition.

(ECF No. 58, PageID.731). That conference is scheduled for November 17, 2026 at 1:30 p.m. before Magistrate Judge Kent. (ECF No. 68, PageID.798). The parties confirmed that date with Magistrate Judge Kent's chambers on October 21, 2026. Under Defendants' proposal, ten depositions would run through November 6, and dispositive motions would be due December 4. (ECF No. 63-1, PageID.779, 782). The parties would arrive at the settlement conference eleven days after the last deposition, without transcripts, and with dispositive briefing unwritten. The settlement conference in this case has already been rescheduled or adjourned on six occasions. (ECF Nos. 22, 24, 25, 27, 34, 40, 55). The Court set the current sequence: depositions, then dispositive motions, then settlement, after hearing both sides on September 24. Defendants' proposal would reverse it.

**D. The request for thirteen depositions requires leave that Defendants have not justified.**

Leave of court is required when, absent stipulation, a deposition "would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants." Fed. R. Civ. P. 30(a)(2)(A)(i). The Case Management Order permits no deviation "without prior approval of the court upon good cause shown." (ECF No. 19, ¶4, PageID.107). Plaintiffs have not stipulated to more than ten. (ECF No. 48-15, PageID.594-95). Defendants' showing is a single sentence in that "[e]ach Plaintiff asserts individualized claims and damages." (ECF No. 63-1, PageID.774). That sentence would apply to any multi-plaintiff case, and it does not address why the depositions could not have been taken within the period the Court provided.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' Motion for Reconsideration of the September 24, 2026 Order and, in the Alternative, to Modify the Case Management Order (ECF No. 63) in its entirety.

Dated: October 23, 2026

Respectfully submitted,
AVANTI LAW GROUP, PLLC

*/s/ Juan A Salazar-Aguero*
Juan A. Salazar-Aguero (P86234)
Attorney for Plaintiffs
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807

## CERTIFICATE OF COMPLIANCE WITH LCivR 7.3(b)(ii)

This brief complies with the word limit of LCivR 7.3(b)(i). It contains 3,853 words, as counted by Microsoft Word, excluding the parts of the brief exempted by the rule.

*/s/ Juan A Salazar-Aguero*
Juan A. Salazar-Aguero (P86234)
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on October 23, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of the filing to all counsel of record.

*/s/ Juan A Salazar-Aguero*
Juan A. Salazar-Aguero (P86234)
Attorney for Plaintiffs