**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSE J. MAGANA GARCIA, et al.,

Plaintiffs,

Case No. 1:24-cv-01179-PJG

v.

Hon. Phillip J. Green

WEST MICHIGAN HOPYARDS LLC, et al.,

Defendants.
_________________________________________/

AVANTI LAW GROUP, PLLC
Robert Anthony Alvarez, Sr. (P66954)
Victor M. Jimenez Jr. (P85194)
Juan A. Salazar-Aguero (P86234)
Attorneys for Plaintiffs
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
vjimenez@avantilaw.com
asalazar@avantilaw.com

SBS LAW PLC
Todd A. Stuart (P70187)
John C. Burns
Attorneys for Defendants
234 Division Ave N, Suite 400
Grand Rapids, MI 49503
(616) 333-2427
tstuart@sbslawplc.com
jburns@sbslawplc.com

---

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE AND FOR SANCTIONS UNDER FED. R. CIV. P. 37(b)(2) AND 16(f) FOR FAILURE TO COMPLY WITH ECF NO. 73, AND SUPPLEMENT TO ECF NO. 71**

**EXPEDITED CONSIDERATION REQUESTED**

**INTRODUCTION**

Defendants plead that their farm used no more than 500 man-days of agricultural labor in any quarter and that Plaintiffs were independent contractors. ECF No. 38, PageID.195-97. For fifteen months, they answered discovery on those defenses by saying the records did not exist. Then, after discovery closed, they produced the records, and on October 28, 2026, they negotiated a stipulated order to cure that production by 7:00 p.m. on October 30, including sworn accounts of every search and a written identification of what remained outstanding. ECF No. 70,

PageID.816; ECF No. 73. They missed that order on its own terms. Defendants served declarations between 4:33 and 8:29 p.m. on November 5, about six days late and the evening before the continued depositions; the accountant's declaration and other ordered items remain unserved. Exhibit A.

Plaintiffs ask the Court to decide the consequences before the November 13 dispositive deadline. The material served late, without timely sworn accounts that would let Plaintiffs test it, should not be available to Defendants; the facts the withheld items were ordered to establish should be taken as established; and subpart (ii) of the Seventh and Eighth Affirmative Defenses, the man-day exemption that the withheld records concern, should be stricken. The restrictions are tied to identified evidence and contentions and are not conditioned on further production: the order Defendants negotiated was the opportunity to cure. No deadline should move.

## STATEMENT OF FACTS

### A. The order of October 30, 2026

Paragraph 5(a) of the parties' October 29, 2026 stipulation, ECF No. 70, provides that "[n]o later than 7:00 p.m. on Friday, October 30, 2026, Defendants will serve the supplemental discovery responses and documents listed in Schedule 1," and that, for any item Defendants cannot locate or that does not exist, "Defendants will serve by the same time a declaration under 28 U.S.C. § 1746 by a person with knowledge that states that fact and describes the search made, including the persons, locations, and systems searched." ECF No. 70, PageID.816. For items requested from Gunter Accounting or third parties but not received, Defendants "will identify those items in writing by 7:00 p.m. on October 30, 2026." *Id.* In Paragraph 5(b), Defendants confirmed preservation "except as disclosed in the identification served under Schedule 1, item A.4," and undertook to provide a copy of their written preservation request to Gunter Accounting

"by October 30, 2026." *Id*. Schedule 1 lists the items, including the search identification for the October 23 production (A.4) and the date of Defendants' first request to their accountant (A.6). *Id*., PageID.819-20.

On October 30, 2026, the Court approved the stipulation, extended discovery to November 6 "solely for the purposes stated in Paragraphs 5(a) through 5(c)," and ordered that the dispositive-motion deadline "remains November 13, 2026." ECF No. 73, PageID.1277-78, ¶¶ 1-3.

**B. What Defendants served, and when**

At 6:59 p.m. on October 30, one minute before the deadline, Defendants' counsel wrote that Defendants were "packaging the production for shipment" and would produce it "this evening." Ex. D. Nothing was served that evening. At 4:01 a.m. on October 31, counsel sent a link to a bulk production and stated that "[t]he supplement to interrogatories, request for production, initial disclosures, and declarations will follow later today." *Id*. At 11:57 p.m. on October 31, counsel sent a second link and Defendants' supplemental answers to Interrogatories 4 and 5, with Schedule A, verified that day. *Id*.; Ex. E.

At 4:33 p.m. on November 5, Defendants served a declaration of Mr. Posthumus, amended responses to the requests for production (item A.2), and a statement under item A.7 with supplemental initial disclosures. Exs. P, Q, R; Ex. C, ¶ 5A. It relies on declarations by Mr. Jaekel and by the accountant. Ex. P, ¶¶ 7-9; Ex. Q, Resp. 7. At 7:39 p.m., Defendants served their counsel's declaration describing the requests made to, and records received from, the accountant, with copies of preservation emails dated October 28 and 29. Ex. S; Ex. C, ¶ 5B. Counsel identifies the accountant as the person with knowledge and states that the accountant's declaration, sent in draft at 10:07 p.m. on November 4, will be served after he returns on

November 10. Ex. S, ¶¶ 3, 43. Counsel states that his firm first asked the accountant for records on October 16, 2026, the day after the limited discovery permitted by ECF No. 58 closed, and first asked in writing that records be preserved on October 23, as to the QuickBooks file only, and on October 28 as to the accountant's other records. *Id.* ¶¶ 7, 11, 13 & Ex. 1. As to item A.6, counsel places a first request by Mr. Posthumus on or before November 12, 2024, but states that the record does not show its date or time. *Id.* ¶ 6. At 8:29 p.m., Defendants served Mr. Jaekel's declaration. Ex. T; Ex. C, ¶ 5C. Item B.4 called for the QuickBooks audit log "for reports printed or exported." ECF No. 70, PageID.819. The workbook at Bates 008230 is a transaction audit trail that records no reports printed or exported; its file properties indicate it was created on October 28, 2026. Item B.9 called for affiliated-entity ledgers "with redaction limited to entries unrelated to WMH." ECF No. 70, PageID.820. Defendants' counsel requested the full ledgers from the accountant, received them, and produced extracts for two entities, limited to entries selected as related, without stating the criteria. Ex. S, ¶¶ 27, 30-31 & Exs. 1-2; Ex. T, ¶ 14. The file properties of Bates 008242 state creation on October 30 at 9:44 a.m., and those of Bates 011405 state creation at 10:15 p.m. on October 30, after the deadline.

**C. What preceded the order**

The chronology is Exhibit B. Plaintiffs served their requests on July 10, 2025. ECF No. 21, PageID.112. Defendants' verified answers of August 25, 2025 stated that hours "were not recorded," and their November 11, 2025 supplement stated that "[t]here are no records" of other workers or their hours. ECF No. 71, PageID.824, ¶ 2; Exs. J, L. Their Rule 30(b)(6) designee testified on October 12 and 13, 2026, that no record of headcount, days, or hours existed apart from text messages. ECF No. 71, PageID.824, ¶ 2. At 11:34 p.m. on October 23, nearly three months after written discovery closed on July 31, 2026, ECF No. 33, and eight days after the

limited discovery permitted by ECF No. 58 closed, Defendants served documents Bates-numbered 000001 through 007134, including a 2019 daily harvest schedule recording crew headcount and a general ledger recording direct payments for harvest labor. ECF No. 71, PageID.824, ¶ 4. On October 27, their accountant testified that the general ledgers, payroll records, 1099s, and customer lists could have been produced in 2025 had anyone asked, within "one or two days, two or three days, within a week," and that he did not recall any request from defense counsel in 2025. Ex. N, Tr. II 46:12-18, 50:19-51:2, 57:19-23. Asked whether he had been asked to preserve records, he answered, "I was not." *Id.* 48:3-8. Defendants' counsel states that four days earlier, on October 23, he had asked the accountant in writing to keep the QuickBooks file unchanged. Ex. S, ¶ 11.

**D. The November 3 and 4 communications**

On November 3, Defendants proposed a vendor ESI review. Ex. F. Plaintiffs declined on November 4. Ex. G. On November 4, Defendants asked Plaintiffs to extend the dispositive deadline; Plaintiffs declined on November 5. Ex. O.

## ARGUMENT

**I. Rules 37(b)(2) and 16(f) and 28 U.S.C. § 636(e)(4) authorize the relief requested.**

When a party "fails to obey an order to provide or permit discovery," the court "may issue further just orders," including orders directing that designated facts "be taken as established," prohibiting the party "from supporting or opposing designated claims or defenses," "striking pleadings in whole or in part," and treating the failure as contempt. Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii), (vii). The court "must" also order the party, the advising attorney, or both to pay the reasonable expenses caused by the failure unless it was substantially justified or an award would be unjust. *Id.* 37(b)(2)(C). Rule 16(f) separately authorizes the orders listed in Rule

37(b)(2)(A)(ii)-(vii) against a party that fails to obey a scheduling or other pretrial order, with the same expense provision. Fed. R. Civ. P. 16(f)(1)(C), (2). Because the parties consented under 28 U.S.C. § 636(c), ECF No. 16, the magistrate judge exercises the civil contempt authority of the district court. 28 U.S.C. § 636(e)(4).

Rule 37(b) requires an order compelling discovery. *Burley v. Gagacki*, 729 F.3d 610, 618 (6th Cir. 2013). ECF No. 73 is one: it approved a stipulation requiring service of specified responses and documents by a stated time and amended the Case Management Order accordingly. ECF No. 73, PageID.1277, ¶¶ 1-2. A stipulated discovery order, once entered, is enforced under Rule 37(b). *Dobbins v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 2:19-cv-10546, 2020 WL 5847766 (E.D. Mich. Sept. 9, 2020) (report and recommendation awarding Rule 37(b)(2)(C) expenses after violation of a stipulated discovery order). *Greater Omaha Packing Co. v. Johnson Feed, Inc.*, No. 8:24-cv-00104, 2025 WL 1638351 (D. Neb. June 6, 2025), declined to treat an approved stipulation as the Rule 37(b) predicate where the movant had not moved to compel after the alleged noncompliance, found no violation shown, and treated exclusion of the opponent's principal proof as tantamount to dismissal. It is not binding and is distinguishable on each point: this stipulation followed a Rule 37 demand and conference, ECF No. 72, PageID.1274-76, ¶¶ 1-5; Plaintiffs' sanctions motion was filed the same day and preserved, ECF No. 71; ECF No. 70, PageID.817, ¶ 6(a); the violations are documented, Ex. A; and the relief is tied to particular evidence and one subpart of two defenses. Should the Court conclude that a further order is required, Plaintiffs request one under Rule 37(a) compelling the same items, and renew the Rule 37(c)(1) grounds stated in ECF No. 71 as an independent basis for the exclusion requested in Part IV.A.

**II. Defendants did not obey ECF No. 73.**

The order is definite and specific. Paragraph 5(a) fixed a date and a time, listed the items by number, prescribed the declaration to be served for anything not found, and required a written identification of anything still outstanding from third parties. ECF No. 70, PageID.816. Defendants' counsel signed the stipulation, *id*., PageID.818, and acknowledged the deadline one minute before it passed. Ex. D. Knowledge is not in dispute.

Non-performance is a matter of record. Documents were served approximately nine hours after the deadline, and the verified answers approximately twenty-nine hours after it. The declarations of Mr. Posthumus, counsel, and Mr. Jaekel, the third-party identification, and items A.2 and A.7 were served between 4:33 and 8:29 p.m. on November 5, about six days late. Ex. C, ¶¶ 5A-5C. The accountant's declaration has not been served, and counsel's declaration relays his written answers without attaching them. Ex. S, ¶¶ 3, 32-41, 43; Ex. C, ¶ 5.

Item B.4 was answered with a transaction audit trail that is not the report log the item describes. If the log does not exist, Paragraph 5(a) required a declaration by a person with knowledge saying so; what arrived, six days late, was counsel's account of the accountant's email. Ex. S, ¶¶ 3, 39. Item B.9 permits redaction of unrelated entries, but Defendants have not stated the criteria used.

The missing items are not incidental. Item A.4 and the § 1746 declarations are the provenance record for the late-produced material, and Paragraph 5(b)'s preservation confirmation is expressly qualified by the A.4 identification. ECF No. 70, PageID.816. Plaintiffs received the owners' sworn search accounts only the afternoon and night before their November 6 examinations. Item A.6 was to fix the date and time of Defendants' first request to their accountant; counsel now states that the record does not show it and that his firm's first request came on October 16, 2026. Ex. S, ¶¶ 6-7; see Ex. N, Tr. II 50:19-51:2. Defendants knew on

October 27 that third-party items were outstanding, id. 187:8-14; the written identification due October 30 was not served until November 5. Ex. P, ¶¶ 14-15. Plaintiffs will supplement this motion promptly after the November 6 examinations.

**III. The failure was not substantially justified, and the fault is Defendants'.**

Defendants agreed to the deadline on October 28 and signed the stipulation the next day. ECF No. 72, PageID.1275, ¶ 4; ECF No. 70, PageID.818. The stipulation anticipated that some items might not be found and prescribed the remedy: a declaration describing the search and a written identification of anything still outstanding. ECF No. 70, PageID.816. Defendants used neither by the deadline, and the accountant's declaration remains unserved. Their accountant testified that the records could have been produced in days in 2025 and that, as far as he recalled, no one from defense counsel's office asked for them that year. Ex. N, Tr. II 46:12-18, 50:19-51:2, 57:19-23. Counsel did not ask in writing that anything beyond the QuickBooks file be preserved until October 28. Ex. S, ¶¶ 11, 13. Those were Defendants' own choices, and fault is the first factor the Sixth Circuit weighs. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-68 (6th Cir. 1997); *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837-40 (6th Cir. 2019).

The prejudice is not confined to the days after October 30. Plaintiffs conducted discovery, decided which third parties to subpoena and which witnesses to depose, examined Defendants' accountant, and let the discovery period close on sworn statements that the records did not exist. ECF No. 71, PageID.824, ¶ 2; Exs. J, L; ECF No. 58. Those decisions cannot be remade; the Court has three times declined to reopen discovery beyond a stated purpose, ECF Nos. 58, 65, 73, and the dispositive deadline is seven days after the examination the order allowed. Ex. C, ¶ 11.

The November 3 proposal does not supply a justification. A future review, on scope and search terms still to be agreed and with no completion date, is not compliance with an order requiring sworn identification of searches already made. Ex. F. Eventual production does not erase the time and expense that noncompliance has already caused. *See Norris v. MK Holdings, Inc.,* 734 F. App'x 950, 959 (6th Cir. 2018).

**IV. The relief requested is just, specifically related, and proportionate.**

A Rule 37(b)(2) sanction must be just and specifically related to the claim at issue in the discovery order. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). For sanctions of dispositive effect, the Court considers willfulness, bad faith, or fault; prejudice; warning; and whether less drastic sanctions were imposed or considered. *Harmon*, 110 F.3d at 366-68; *Mager*, 924 F.3d at 837-40.

**A. Exclusion and contention preclusion (Order Schedules 1 and 2)**

Plaintiffs ask that Defendants not use the materials listed in Schedule 1 to the proposed order, or the contentions listed in Schedule 2, to support the Seventh, Eighth, Tenth, or Twelfth Affirmative Defenses at summary judgment or trial. Fed. R. Civ. P. 37(b)(2)(A)(ii), 16(f)(1)(C), 37(c)(1). Schedule 1 identifies, for each item, the duty breached, the date of first disclosure, the examination it prevented, and the proposed restriction.

The factors that govern exclusion favor it for each category. *Howe v. City of Akron*, 801 F.3d 718, 748-50 (6th Cir. 2015); Bisig v. Time Warner Cable, Inc., Nos. 18-5421/5483, slip op. at 18-19 (6th Cir. Oct. 4, 2019). Surprise: the answers and workbooks were built from records Defendants had sworn did not exist. Cure: the order was the cure, a second chance on Defendants' own terms; they served the owners' and counsel's declarations the day before the examination and the accountant's not at all, and no later production restores the discovery period

that closed on their denials. Disruption: a reopening sufficient to test the new material would move every remaining date. Importance: the material is central to the man-day exemption, which raises both the cost of exclusion and the harm of untested use. Explanation: none has been offered for the six-day delay. Where the only cure is to reopen discovery, "reopening discovery would reward [the late party] for [its] inability to obey the district court's orders while punishing [the opponent]." *R.J. Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 670 (6th Cir. 2024) (citing *EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, 768 F. App'x 459, 469 (6th Cir. 2019)). *Howe* reversed an exclusion where the opponent had the information and a full opportunity to examine the witness; here the ordered provenance items were withheld past the deadline, and the examination the order provided proceeds without a timely account of them.

**B. Established facts (Order Schedule 3)**

Rule 37(b)(2)(A)(i) permits the Court to direct that designated facts be taken as established "for purposes of the action, as the prevailing party claims." Schedule 3 states four facts, each tied to the ordered item whose non-service prevents Plaintiffs from proving it by ordinary means: (1) Defendants' counsel made no request to Gunter Accounting for documents for this action before October 16, 2026, Ex. S, ¶ 7; Ex. N, Tr. II 22:1-7, 50:19-51:2; (2) Defendants' counsel made no written request to Gunter Accounting to preserve records other than its QuickBooks file before October 28, 2026, Ex. S, ¶¶ 11, 13 & Ex. 1; Ex. N, Tr. II 48:3-8; (3) the general ledgers, payroll records, 1099s, and customer lists produced on and after October 23, 2026 were available for production within days of a request in 2025, id. 46:12-18, 57:19-23; and (4) in 2019 Defendants recorded crew headcount by day and paid individuals other than Mr. Magaña Garcia directly for harvest labor, the facts ECF No. 71 asked the Court to establish, ECF No. 71, PageID.825, ¶ (B); Ex. N, Tr. II 103:2-6, 105:5-12, 109:10-22. Facts (1) through (3) rest

on the testimony of Defendants' own accountant and, for (1) and (2), their counsel's declaration; fact (4) rests on documents Defendants produced after swearing none existed. The connection between the violated order and each fact is direct, *Ins. Corp. of Ireland*, 456 U.S. at 707, and none of the facts resolves a claim or defense by itself.

**C. Striking subpart (ii) of the Seventh and Eighth Affirmative Defenses**

Subpart (ii) asserts that Defendants "did not use more than 500 man-days of agricultural labor during any quarter of any year at issue." ECF No. 38, PageID.195. Defendants bear the burden on that exemption, and the records that would prove or disprove it are the records at issue in every order in this sequence: hours, headcount, and payment for labor. Plaintiffs ask that subpart (ii) be stricken under Rule 37(b)(2)(A)(iii). Because striking may have a dispositive effect, Plaintiffs address the four factors.

Fault: The records existed, were retrievable in days, and were not requested or preserved while Defendants swore they did not exist, and the order negotiated to cure that failure was missed. *See* Part III. Prejudice: Plaintiffs have been "required to waste time, money, and effort in pursuit of cooperation which [Defendants were] legally obligated to provide," *Harmon*, 110 F.3d at 368, and will receive the accountant's sworn account, if at all, after November 10, having received the owners' about six days late. Warning: Defendants were told in writing on October 28 that Plaintiffs would seek preclusion and limits on the exemption and contractor defenses, ECF No. 72, PageID.1275-76, ¶¶ 1, 5(b); the stipulation preserved those requests, ECF No. 70, PageID.817, ¶ 6(a); ECF No. 71 sought this relief before the deadline passed, ECF No. 71, PageID.825-26; and the Court had already compelled Defendants' attendance and ordered expenses once. ECF No. 58. Lesser sanctions: The expenses ordered in ECF No. 58 did not produce compliance; the stipulated order was itself a lesser measure, negotiated by Defendants,

and it was not performed. Exclusion and established facts are lesser measures still, and Plaintiffs ask the Court to impose them whether or not it strikes the subpart. The Sixth Circuit prefers measures short of dismissal where they can protect the integrity of pretrial procedure, *Harmon*, 110 F.3d at 367-68 (citing *Freeland v. Amigo*, 103 F.3d 1271, 1280 (6th Cir. 1997)); *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 955-56 (6th Cir. 2013), and it has treated preclusion of a party's principal proof as equivalent to dismissal. Freeland, 103 F.3d at 1276-80. Plaintiffs ask the Court to make the findings the factors require and, if it finds striking disproportionate on this record, to revisit it on the supplemental record after November 6.

**D. No further cure**

Under the proposed order, no restriction lifts on service of the missing items. Declarations served on November 5 or later do not restore a November 6 examination with the sworn accounts in hand, the discovery decisions made on the denials, or the time before November 13. A further opportunity to cure would reward the conduct the order was entered to end. R.J. Control, 100 F.4th at 670. The compliance order requested below does not condition any other relief.

**E. Show cause, compliance, and preservation**

Plaintiffs ask for an expedited show-cause order. Civil contempt requires clear and convincing evidence that the respondent knowingly violated a definite and specific order, after which the respondent must show categorically and in detail why compliance was impossible. *Elec. Workers Pension Tr. Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003); *Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 799-800 (6th Cir. 2017). An order directed to a company binds its responsible officers. *Gary's Elec.*, 340 F.3d at 380-82; *Gascho*, 875 F.3d at 803. Plaintiffs ask for the process, not a finding; the motion and

the order supply notice and an opportunity to respond. *NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 377 (6th Cir. 2022).

Plaintiffs ask for a compliance order with a date certain for every item not served, including the declarations Paragraph 5(a) already requires, and, as additional relief, Bates and service-date identification of anything Defendants contend was served. Plaintiffs ask for preservation relief confined to identified custodians and sources under a protocol entered before collection, with images held by a neutral vendor under an expanded protective order and accessed only on further order. The Sixth Circuit has cautioned that compelled imaging implicates privacy and confidentiality interests an order must account for, *John B. v. Goetz*, 531 F.3d 448, 457-58, 460-61 (6th Cir. 2008); the protocol requested does so, and Plaintiffs do not treat Defendants' November 3 proposal as consent to it.

**F. Expenses**

Rules 37(b)(2)(C) and 16(f)(2) require expenses absent substantial justification. Plaintiffs will itemize by task the expenses of this motion, of the review made necessary by productions served without the ordered identifications and declarations, and of any portion of the November 6 examinations devoted to what was and was not served, excluding amounts awarded under ECF No. 74 or allocated under ECF No. 70 ¶ 5(d). The award should run against Defendants and, on notice and findings, the advising attorney, not the firm. *NPF Franchising*, 37 F.4th at 377.

**V. No deadline should move, and the motion should be decided before November 13.**

Defendants proposed a December 7 dispositive deadline on October 28; Plaintiffs declined; and the order Defendants signed kept November 13. ECF No. 72, PageID.1276, ¶ 5(c); ECF No. 73, PageID.1278, ¶ 3. A party's failure to meet a deadline it agreed to does not establish good cause under Rule 16(b)(4) to move the deadlines that follow. Under LCivR 7.3(c),

Defendants' response would be due after November 13, so Plaintiffs ask that the response be due November 10 and the motion decided before November 13. If the Court cannot rule by then, Plaintiffs ask that any dispositive motion by Defendants identify by Bates range every item served after 7:00 p.m. on October 30 on which it relies, that Plaintiffs may respond to such material with declarations without objection under Rule 37(c)(1), and that the Court set a limited supplemental examination on any matter first disclosed after that time.

## CONCLUSION

Plaintiffs request that the Court enter the proposed order, with its Schedules, on an expedited basis before November 13, 2026.

Dated: November 5, 2026

Respectfully submitted,
AVANTI LAW GROUP, PLLC

/s/ Juan Antonio Salazar-Aguero
Robert Anthony Alvarez, Sr. (P66954)
Victor M. Jimenez Jr. (P85194)
Juan A. Salazar-Aguero (P86234)
Attorneys for Plaintiffs
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
asalazar@avantilaw.com

## CERTIFICATE OF COMPLIANCE REGARDING WORD COUNT (LCivR 7.3(b)(ii))

This brief contains 4,290 words, excluding the case caption, cover sheets, any table of contents, any table of authorities, the signature block, attachments, exhibits, affidavits, and other addenda, as defined by LCivR 7.3(b)(i) and as counted by Google Docs. The brief complies with the 4,300-word limit of LCivR 7.3(b)(i).

Dated: November 5, 2026

/s/ Juan Antonio Salazar-Aguero