AVANTI LAW GROUP, PLLC
ATTORNEYS. COUNSELORS. LITIGATORS.

Antonio Salazar <asalazar@avantilaw.com>

# Fwd: Proposal

**Robert Anthony Alvarez** <ralvarez@avantilaw.com> Wed, Nov 4, 2026 at 5:57 PM
To: Todd Stuart <tstuart@sbslawplc.com>
Cc: John Burns <jburns@sbslawplc.com>, Litigation Crew <litigation@avantilaw.com>, Antonio Salazar <asalazar@avantilaw.com>

Todd and John,

Thank you for the November 3 proposal. Plaintiffs decline it.

The Court's October 30 order (ECF No. 73) approved the cure the parties agreed to on October 28: service of the Schedule 1 responses and documents by 7:00 p.m. on October 30. The voluminous production was served after that deadline and are still being reviewed by my team. A review on a scope, date range, and search terms still to be negotiated, conducted after the November 6 depositions and the upcoming November 13 dispositive-motion deadline, is not a substitute for compliance with an order already entered, and it does not address the matters raised in ECF No. 71.

Preservation is not a matter for negotiation. Under Paragraph 5(b) of the stipulation the Court approved, Defendants confirmed that they have preserved and will continue to preserve all responsive documents and electronically stored information, including the mobile telephones and the text and Messenger communications of Mr. Posthumus and Mr. Jaekel. Plaintiffs expect full compliance with that obligation and with every other term of the order. Given that Defendants have already offered to retain Mr. Fannon at their expense, Plaintiffs expect that forensic images of the current and any retired mobile devices of Mr. Posthumus and Mr. Jaekel, and and full exports of their Facebook accounts, including Messenger, and of the email accounts Defendants have proposed for review, will be made now and held by the vendor under the Protective Order (ECF No. 30) pending further order of the Court. Please confirm by 5:00 p.m. on Thursday, November 5, that this has been done or is underway, and identify the vendor.

Robert Anthony Alvarez, Sr.
Avanti Law Group, PLLC

On Tue, Nov 3, 2026 at 1:43 PM Todd Stuart <tstuart@sbslawplc.com> wrote:

> Robert,
>
> In an effort to resolve the outstanding discovery dispute without motion practice, Defendants propose retaining Brandon Fannon of Axios—whom I believe is well known to the parties and the Court—at Defendants' expense to conduct an ESI review so your clients can have independent confirmation that Defendants' discovery responses are complete.
>
> As a starting point, the proposed categories for review are:
>
> 1. Defendants' cell phones (texts and call logs);
> 2. Email accounts;
> 3. Accounting and bookkeeping records;
> 4. 1099, payment, and payroll records.
>
> These categories are a proposal only. We would need to agree on the final scope, date range, and search terms before the review begins so that the review stays proportional to the case's needs. Should the review identify any additional responsive information, Defendants would of course supplement under Rule 26(e).
>
> This proposal is made solely to resolve the current discovery dispute and does not waive any of Defendants' objections or concede the relevance or proportionality of any request.
>
> If your client is open to this approach, please feel free to call me or John this week to discuss.
>
> Todd

--

SBS LAW/PLC

**Todd A. Stuart**
Attorney and Chair of Business and Litigation

234 Division Ave N., Suite 400
Grand Rapids, MI 49503
O: (616) 300-5906
tstuart@sbslawplc.com | sbslawplc.com

**CONFIDENTIALITY NOTICE**: This e-mail message and any attachments are governed by the United States Electronic Communications Privacy Act, 18 USC 2510-2521 and is confidential, may be attorney-client privilege, may constitute inside information, and are only for the viewing and the use of the intended recipient(s). If you are not the intended recipient, you are hereby notified that any use, disclosure, or copying is strictly prohibited, therefore, please do not read, disclose, copy, or distribute this message or any attachment. If you have received this message by mistake, please contact the sender immediately by return email and promptly delete this message and any attachments from your computer system. We are not waiving our confidentiality rights by sending this message. Neither this email nor its attachment(s) establish an attorney-client relationship, constitute an electronic signature or provide consent to contract electronically unless expressly so stated by a SBS Law, PLC attorney in the body of this email or an attachment.

--

[Quoted text hidden]