AVANTI LAW GROUP, PLLC
ATTORNEYS. COUNSELORS. LITIGATORS.

**Antonio Salazar <asalazar@avantilaw.com>**

---

# Re: Garcia et al. v. West Michigan Hopyards, LLC et al., No. 1:24-CV-01179-PJG (W.D. Mich.)

5 messages

---

**Robert Anthony Alvarez** <ralvarez@avantilaw.com> Thu, Nov 5, 2026 at 10:38 AM
To: mharris@sbslawplc.com
Cc: John Burns <jburns@sbslawplc.com>, Todd Stuart <tstuart@sbslawplc.com>, Litigation Crew <litigation@avantilaw.com>, Antonio Salazar <asalazar@avantilaw.com>

Michael,

Thank you for your November 4 email. Plaintiffs do not concur in the requested extension of the dispositive motion deadline.

This case has been pending for nearly two years, and the schedule has already been extended more than once. Much of the recent delay has come from the timing of Defendants' discovery responses and productions.

Tying the deadline to a ruling on Defendants' motion for reconsideration (Dkt. 63) would leave the schedule open-ended, and Plaintiffs will not agree to that.

Separately, under Local Civil Rule 7.1(d), Plaintiffs seek Defendants' concurrence in a motion for an order to show cause regarding Defendants' compliance with the Court's October 30, 2026 order (Dkt. 73).

I am available to meet and confer on both issues by phone today at 5:00 p.m. Please confirm and send the best number to reach you.

Regards,

Robert Sr.

On Wed, Nov 04, 2026 04:37 PM, Michael Harris <mharris@sbslawplc.com> wrote:

> Counsel:
>
> I write on behalf of Defendants in the above-captioned action to seek Plaintiffs' concurrence on an extension of time for the parties to file summary judgment motions to thirty days after the Court rules on Defendants' pending motion for reconsideration (Dkt. 63).  We believe that an extension would serve the interest of economy for both the Court and the parties, in light of the fact that the Court has requested a response to Defendants' motion for reconsideration on the same day as the current deadline for summary judgment (Dkt. 75), and the decision on the motion for reconsideration will affect the parties' summary judgment briefing.
>
> Please let us know if you will stipulate to the requested extension, thirty days after the Court rules on Defendants' motion for reconsideration.  If you will not consent, please let me know your availability to meet and confer tomorrow.
>
> Regards,
>
> Michael J. Harris

Robert Anthony Alvarez, Sr.
Founding Member , Avanti Law Group PLLC

photo Phone (616) 257-6807
Mobile (616) 886-1125
Email ralvarez@avantilaw.com
Address WYOMING: 600 28th St. SW

Attorneys. Counselors. Litigators.

---

**Michael Harris** <mharris@sbslawplc.com> Thu, Nov 5, 2026 at 11:57 AM
To: Robert Anthony Alvarez <ralvarez@avantilaw.com>
Cc: John Burns <jburns@sbslawplc.com>, Todd Stuart <tstuart@sbslawplc.com>, Litigation Crew <litigation@avantilaw.com>, Antonio Salazar <asalazar@avantilaw.com>

Hello Robert,

5 pm works.  You can reach me at (203) 231-7490.

So that I may prepare for our discussion, can you please clarify the purported basis for the motion for an order to show cause regarding Defendants' compliance with the Court's October 30, 2026 order?

Regards,

Michael

[Quoted text hidden]

---

**Robert Anthony Alvarez** <ralvarez@avantilaw.com> Thu, Nov 5, 2026 at 2:26 PM
To: mharris@sbslawplc.com
Cc: jburns@sbslawplc.com, tstuart@sbslawplc.com, litigation@avantilaw.com, asalazar@avantilaw.com

Michael,

5:00 p.m. works. I will call you at (203) 231-7490.

The motion is based on Defendants' non-compliance with the stipulation the Court approved in its October 30 order (Dkt. 70; Dkt. 73). In summary:

1. The Schedule 1 responses and documents were due by 7:00 p.m. on October 30. Defendants served after that deadline and it appears that some of the production was created/produced after the deadline.

2. Several Schedule 1 items have not been served, and others were answered incompletely.

3. Paragraph 5(a) required a declaration under 28 U.S.C. 1746 for any item not located, describing the search made, and a written identification of any items requested from third parties and not yet received. Neither has been served.

4. Paragraph 5(b) required a copy of Defendants' written preservation request to their accountant. It has not been provided.

Defendants’ late and incomplete compliance has also limited Plaintiffs’ ability to prepare for the November 6 depositions, which the Court’s order provided for so that Plaintiffs could examine the witnesses on the supplemental production.

Plaintiffs will ask the Court to order Defendants to show cause why they should not be held in contempt of that order, and for sanctions under Rules 37(b)(2) and 16(f), including preclusion, established facts, striking of affirmative defenses, preservation imaging of devices and accounts, and fees. Plaintiffs will also ask that the November 13 deadline remain in place.

Kindest Regards,

Robert Sr.

[Quoted text hidden]

> [Quoted text hidden]
> --
> You received this message because you are subscribed to the Google Groups "FLSA" group.

To unsubscribe from this group and stop receiving emails from it, send an email to flsa+unsubscribe@avantilaw.com.
To view this discussion visit https://groups.google.com/a/avantilaw.com/d/msgid/flsa/CAKjtEZn1_Uqcses494zeuDPJ%3DNQ1qgLbkQMnrzTboTEG22MZNg%40mail.gmail.com.

--
[Quoted text hidden]

---

**Michael Harris** <mharris@sbslawplc.com> Thu, Nov 5, 2026 at 5:33 PM
To: Robert Anthony Alvarez <ralvarez@avantilaw.com>
Cc: jburns@sbslawplc.com, tstuart@sbslawplc.com, litigation@avantilaw.com, asalazar@avantilaw.com

Counsel:

I am following up on our meet-and-confer, which lasted approximately four minutes, to memorialize our discussion.

I reiterated Defendants' view that an extension of the summary judgment deadline is appropriate in light of the possibility that the Court may ultimately allow the depositions of Plaintiffs to proceed, which would likely require summary judgment to have to be rebriefed or heavily supplemented, causing unnecessary cost to both the parties and the Court. I asked whether your clients were willing to negotiate any extension, in response to which you indicated they were not. I indicated our intention to file a motion for an extension tomorrow.

I also addressed the issues raised in your email below. Specifically, I noted that prior to our discussion, Defendants served supplemental responses to requests for production and one declaration, and that Defendants intended to serve two additional declarations this evening, as well as a preservation email. I further noted that, other than the aforementioned materials, Defendants have produced what was required and located within their possession, custody, or control. I also noted our view that contempt sanctions are not warranted here, in light of, among other things, Defendants' good faith efforts, and that any production issues are (or will become) moot based on the production anticipated for this evening.

During our call, you indicated that there may be additional production issues not referenced above, and that you anticipate filing the motion referenced in your email below this evening. I asked you to identify specifically what you believe to be missing from Defendants' production (other than the materials referenced above), and you refused to do so. I indicated our view that you did not comply with the parties' meet-and-confer obligations in that regard.

Regards,

Michael
[Quoted text hidden]

---

**Robert Anthony Alvarez** <ralvarez@avantilaw.com> Thu, Nov 5, 2026 at 5:42 PM
To: Antonio Salazar <asalazar@avantilaw.com>

Robert Anthony Alvarez, Sr.
Founding Member , Avanti Law Group PLLC

photo Phone (616) 257-6807
Mobile (616) 886-1125
Email ralvarez@avantilaw.com
Address WYOMING: 600 28th St. SW

Attorneys. Counselors. Litigators.

[Quoted text hidden]