UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOSE J. MAGANA GARCIA**,
and individual,

Plaintiff, Case No. 1:24-cv-01179-PJG

v Hon. Phillip J. Green

**WEST MICHIGAN HOPYARDS LLC**,
a Domestic Limited Liability Company,
**JASON JAEKEL** an individual,
**BRYAN POSTHUMUS** an
individual, jointly and severally,

Defendants.
/

AVANTI LAW GROUP, PLLC
Robert Anthony Alvarez (P66954)
Victor M. Jimenez Jr. (P85194)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avanitlaw.com
vjimenez@avantilaw.com

STUART LAW PLC
Todd A. Stuart (P70187)
Hailey A. Adams (P87630)
Attorneys for Defendants
Mailing: 5557 28th St SE
STE B-328
Grand Rapids, MI 49512
(616) 450-9885
tstuart@stuartlawplc.com
hadams@stuartlawplc.com

**DEFENDANTS' RESPONSES TO PLAINTIFF'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants, West Michigan Hopyards, LLC, Jason Jaekel, and Bryan Posthumus, hereby object and respond to Plaintiff Jose J. Magana Garcia's First Set of Requests for Production of Documents.

These responses are made solely for the purpose of, and in relation to, this action. Each response is given subject to all appropriate objections (including but not limited to objections

concerning competency, relevancy, materiality, propriety, and admissibility,) which would require the exclusion of any statement contained herein if the request were asked of, or any statement contained herein was made by, a witness present and testifying in court. All such objections and grounds therefore are reserved and may be interposed at the time of trial.

**GENERAL OBJECTIONS**

1. Defendants object to the subject request to the extent that they request the disclosure of information protected by attorney-client privilege, the work-product doctrine, or any other recognized privilege or immunity.

2. Defendants object to the subject requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence. The providing of documents in response to any request is not to be deemed or construed as an admission by Defendant that the information is in fact relevant to this action.

3. Defendants object to the subject requests to the extent that they call for the production of documents not in the possession, custody, or control of Defendants.

4. To the extent words or phrases used in the requests are vague, ambiguous, or otherwise overbroad, Defendants shall respond in a manner in which Defendants believe, in good faith, to be requested thereby.

5. Defendants state that discovery in this matter is continuing and ongoing and that it is possible that additional information responsive to the requests will be identified subsequent to the date of this response.

6. All responses made herein are based upon the best knowledge, information, and belief held by Defendants at the time of the response.

7. Defendants object to the Definitions to the extent they conflict with the definitions

applicable in the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

8. Defendants object to the requests to the extent they encompass documents subject to attorney-client privilege created subsequent to the initiation of this litigation and will neither produce nor create a privilege log as to same.

9. Defendant object to the Instructions to the extent they impose any obligation beyond that required by the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

10. Defendants incorporate these General Objections into each and every specific response as if fully set forth therein.

Subject to and without waiving the foregoing General Objections, Defendants specifically respond to each numbered Request as follows:

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

Any and all employment documents and/or records of Plaintiff and opt-ins for their entire employment with Defendant, including but not limited to their personnel files, performance evaluations, payroll records, time records, employment contracts, working agreements, required notices under the MSAWPA, canceled payroll checks, and wage information.

**RESPONSE: Notwithstanding and without waiving any applicable objections, Defendants will produce all documents that are responsive to this Request within a reasonable time, subject to a Protective Order being agreed upon between the Parties and entered by the Court as well as a confidentiality agreement.**

**REQUEST FOR PRODUCTION NO. 2**

Produce any and all documents, records, emails, correspondence, Facebook messages, text

messages, and/or any other forms or means of communication:

(a) sent to or received from any of the Plaintiffs during their periods of employment; and/or

(b) that relate to or reference wages, minimum wage, and/or overtime compensation, including but not limited to written policies and any addendums thereto concerning such compensation, from three years prior to the filing of this lawsuit to the present date.

**RESPONSE: Notwithstanding and without waiving any applicable objections, Defendants will produce all documents that are responsive to this Request within a reasonable time, subject to a Protective Order being agreed upon between the Parties and entered by the Court as well as a confidentiality agreement.**

**REQUEST FOR PRODUCTION NO. 3**

Any documents relating to and/or tending to support the affirmative defense that West Michigan Hopyards did not gross $500,000 annually during any year at issue. This includes but is not limited to, any and all taxes filed, record of gross sales, and profit and loss statements.

**RESPONSE: Notwithstanding and without waiving any applicable objections, Defendants will produce all documents that are responsive to this Request within a reasonable time, subject to a Protective Order being agreed upon between the Parties and entered by the Court as well as a confidentiality agreement.**

**REQUEST FOR PRODUCTION NO. 4**

Any and all employment and/or personnel records for all employees that worked for Defendant in the same or similar position as Plaintiffs during the same period of time as Plaintiffs.

**OBJECTION: Defendants object to Request for Production No. 4 due to it being overbroad**

**and unduly burdensome as to records for employees who worked for Defendants at the same time as Plaintiffs who are not being named as Plaintiffs in this action.**

**RESPONSE: Notwithstanding and without waiving the foregoing objection, Defendants will produce all documents responsive to this Request within a reasonable time, subject to a Protective Order being agreed upon between the parties and entered by the Court as well as a confidentiality agreement.**

**REQUEST FOR PRODUCTION NO. 5**

Any and all documents related to the work performed and/or services provided to you by any of the individuals listed in Interrogatory No. 4.

**OBJECTION: Defendants object to Request for Production No. 5 due to it being overbroad and ambiguous as to the meaning of "related to the work performed" and/ or "services provided" as well as the time period. As such, Defendants will produce documents for the applicable time period ending in December 2023.**

**RESPONSE: Notwithstanding and without waiving the foregoing objection, Defendants will produce all documents responsive to this Request within a reasonable time, subject to a Protective Order being agreed upon between the parties and entered by the Court as well as a confidentiality agreement.**

**REQUEST FOR PRODUCTION NO. 6**

Any and all documents that lists and/or is a record of all the hours worked by Plaintiff and opt-ins that worked for Defendant in the same or similar position as Plaintiffs during the same period of time as Plaintiffs, including but not limited to any and all timesheets and/or submissions that were

used to keep track of time worked.

**RESPONSE: Notwithstanding and without waiving any applicable objections, Defendants will produce all documents responsive to this Request within a reasonable time, subject to a Protective Order being agreed upon between the parties and entered by the Court as well as a confidentiality agreement.**

**REQUEST FOR PRODUCTION NO. 7**

Any and all state, federal, and local income tax records, quarterly tax filings, and/or other similar notices filed with the state of Michigan for Defendant for the last six (6) years. This includes any and all Wage Detail Reports form UIA-1017 and/or Amended Wage Detail Report form UIA-1019, Employer's Quarterly Tax Report form UIA 1020 and/or Amended Employer's Quarterly Tax Report from UIA-1021, Reimbursing Employer's Quarterly Payroll Report form UIA-1020-R and/or Amended Reimbursing Employer's Quarterly Payroll Report form UIA-1021-R, Employer's Report on Partial Transfer of Business UIA-1184 and/or Report and Agreement on Partial Transfer of Business UIA-1184-1, Employer’s W-3 forms, Employer's Quarterly Federal Tax Return form 941, and any other similar documents required to be filed by Defendant with the state of Michigan and/or the Internal Revenue Service regarding their income, losses, and/or wages paid to employees as well as any 1099’s issued by you for the last six (6) years.

**OBJECTION: This Request for Production No. 7 is asking for information beyond the applicable time period for this action, which is ends on December 31, 2023 and is thus irrelevant.**

**RESPONSE: Notwithstanding and without waiving the foregoing objection, Defendants will produce all documents responsive to this Request within a reasonable time, subject to a**

**Protective Order being agreed upon between the parties and entered by the Court as well as a confidentiality agreement.**

**REQUEST FOR PRODUCTION NO. 8**

Any and all records, statements, and correspondence from any financial institution which Defendant uses for any business purpose including but not limited to: loans, lines of credit, checking, savings, and/or mortgage in the last six (6) years.

**OBJECTION: Defendants object to Request for Production No. 8 as overbroad and unduly burdensome. This Request also asks for production of documentation Defendants use for "any business purposes", rather than those just for West Michigan Hopyard, LLC, the production of which is irrelevant to this action. Additionally, this Request for Production No. 8 is asking for information beyond the applicable time period for this action, which ends on December 31, 2023.**

**RESPONSE: Notwithstanding and without waiving the foregoing objection, Defendants will produce all documents responsive to this Request within a reasonable time, subject to a Protective Order being agreed upon between the parties and entered by the Court as well as a confidentiality agreement.**

**REQUEST FOR PRODUCTION NO. 9**

Any and all documents related to the ownership, membership, organization, and/or structure of Defendant.

**RESPONSE: Notwithstanding and without waiving any applicable objections, Defendants will produce all documents responsive to this Request within a reasonable time, subject to a**

**Protective Order being agreed upon between the parties and entered by the Court as well as a confidentiality agreement.**

**REQUEST FOR PRODUCTION NO. 10**

Any and all documents received in response to any subpoena issued in this matter.

**RESPONSE: As of the time of this Request, no subpoenas have been issued in this matter. As such, no such responsive documents are in Defendants' possession, custody, and control.**

**REQUEST FOR PRODUCTION NO. 11**

Any and all documents used or referenced in responding to any and all interrogatories sent in this lawsuit by Plaintiffs to Defendants.

**RESPONSE: Notwithstanding and without waiving any applicable objections, Defendants will produce all documents responsive to this Request within a reasonable time, subject to a Protective Order being agreed upon between the parties and entered by the Court as well as a confidentiality agreement.**

**REQUEST FOR PRODUCTION NO. 12**

Any and all payroll records for all employees that provided the same or similar services, for Defendant West Michigan Hopyards LLC, as Plaintiff and/or opt-ins in the last six (6) years.

**RESPONSE: Notwithstanding and without waiving any applicable objections, Defendants will produce all documents responsive to this Request within a reasonable time, subject to a Protective Order being agreed upon between the parties and entered by the Court as well as a confidentiality agreement.**

**REQUEST FOR PRODUCTION NO. 13**

Any and all invoices or record of payments made to any individuals or entities, that provided labor to Defendant West Michigan Hopyards LLC, for the same or similar services performed by the Plaintiff and/or opt-ins.

**RESPONSE: Notwithstanding and without waiving any applicable objections, Defendants will produce all documents responsive to this Request within a reasonable time, subject to a Protective Order being agreed upon between the parties and entered by the Court as well as a confidentiality agreement.**

**REQUEST FOR PRODUCTION NO. 14**

Produce any and all documents that relate to, are referenced in or were used to respond to Plaintiff's interrogatories.

**OBJECTION: This request seeks documents within the scope of Request No. 11 and is, therefore, duplicative.**

**RESPONSE: Subject to and without waiving the foregoing objection or any other objection, Defendants incorporate their objections and responses from Request No. 11 as if fully set forth and restated herein and will produce documents responsive to this Request within a reasonable time, subject to a Protective Order being agreed upon between the parties and entered by the Court as well as a confidentiality agreement.**

Date: August 22, 2025

Respectfully submitted,

/s/ Todd Stuart
Todd A. Stuart (P70187)
Stuart Law PLC