UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOSE J. MAGANA GARCIA**,
and individual,

Plaintiff,

Case No. 1:24-cv-01179-PJG

v

Hon. Phillip J. Green

**WEST MICHIGAN HOPYARDS LLC**,
a Domestic Limited Liability Company,
**JASON JAEKEL** an individual,
**BRYAN POSTHUMUS** an
individual, jointly and severally,

Defendants.

/

AVANTI LAW GROUP, PLLC
Robert Anthony Alvarez (P66954)
Victor M. Jimenez Jr. (P85194)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avanitlaw.com
vjimenez@avantilaw.com

STUART LAW PLC
Todd A. Stuart (P70187)
Hailey A. Adams (P87630)
Attorneys for Defendants
Mailing: 5557 28th St SE
STE B-328
Grand Rapids, MI 49512
(616) 450-9885
tstuart@stuartlawplc.com
hadams@stuartlawplc.com

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants, West Michigan Hopyards, LLC, Jason Jaekel, and Bryan Posthumus, by and through their attorneys, Stuart Law PLC, hereby objects and responds to Plaintiff Jose J. Magana Garcia's First Set of Interrogatories.

These responses are made solely for the purpose of, and in relation to, this action. Each

response is given subject to all appropriate objections (including but not limited to objections concerning competency, relevancy, materiality, propriety, and admissibility), which would require the exclusion of any statement contained herein if the request were asked of, or any statement contained herein was made by, a witness present and testifying in court. All such objections and grounds therefore are reserved and may be interposed at the time of trial.

Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that any request herein has been responded upon should not be taken as an admission, or a concession, of the existence of any facts set forth or assumed by such request, or that such response constitutes evidence of any fact thus set forth or assumed. All responses must be construed as given on the basis of present recollection. Plaintiff reserves the right to supplement these answers in a timely manner before trial.

## GENERAL OBJECTIONS

1. Defendants object to the subject interrogatories to the extent that they request the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other recognized privilege or immunity.

2. Defendants object to the subject interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence. The providing of documents in response to any request is not to be deemed or construed as an admission by Plaintiff that the information is in fact relevant to this action.

3. Defendants object to the subject interrogatories to the extent that they call for information not in the possession, custody, or control of Plaintiff.

4. To the extent words or phrases used in the requests are vague, ambiguous, or otherwise overbroad, Defendants shall respond in a manner in which Defendants believe, in good

faith, to be requested thereby.

5. Defendants state that discovery in this matter is continuing and ongoing and that it is possible that additional information responsive to the requests will be identified subsequent to the date of this response.

6. All responses made herein are based upon the best knowledge, information, and belief held by Defendants at the time of the response.

7. Defendants object to the Definitions to the extent they conflict with the definitions applicable in the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

8. Defendants object to the Instructions to the extent they impose any obligation beyond that required by the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

9. Defendants incorporate these General Objections into each and every specific response as if fully set forth therein.

Subject to and without waiving the foregoing General Objections, Defendants specifically respond to each numbered Interrogatory as follows:

**RESPONSES TO INTERROGATORIES**

1. Identify and describe any and all businesses in which Defendant Posthumus has held an ownership interest at any time during the past six (6) years. For each business, state:
   a. The name of the business;
   b. The nature of the business;
   c. The percentage of ownership interest held;
   d. The dates during which the ownership interest was held;

e. Whether the business employed or contracted with agricultural laborers.

**ANSWER: OBJECTION. This single interrogatory improperly contains multiple subparts seeking distinct categories of information and constitutes five separate interrogatories. The requested information regarding Defendant's business ownership interests is not relevant to any party's claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence.**

2. Identify all individuals or entities that currently hold and/or previously held any ownership interest in Defendant West Michigan Hopyards, LLC from January 1, 2019, to the present. For each individual or entity, state:

   a. Full name;

   b. Contact information (including address and telephone number);

   c. The percentage of ownership interest held;

   d. The dates during which the ownership interest was held.

**ANSWER: OBJECTION. This Interrogatory is and shall be counted as four distinct interrogatories. Additionally, these Interrogatories are asking for information beyond the applicable time period for this action, which ends on December 31, 2023. Notwithstanding and without waiving the foregoing objection, Defendants state as follows:**

**i. Bryan Posthumus – c/o Stuart Law PLC; 33% ownership interest for the time period of 2013-2020, and 50% ownership interest for the time period of 2020-present day.**

**ii. Jason Jaekel- c/o Stuart Law PLC; 33% ownership interest for the time period of 2013-2020, and 50% ownership interest for the time period of 2020-present day.**

**iii. Mark Catlin – 1970 Lincoln Lake Ave NE, Lowell MI 49331, ph.: 616-489-0022; 33% ownership interest from 2013-2020; no ownership interest thereafter.**

3. Identify all individuals, companies, and/or entitled with whom Defendant West Michigan Hopyards, LLC has had a working and/or business relationship from January 1, 2019, to the present. For each, describe:
    a. The nature of the relationship (e.g., vendor, contractor, labor provider, distributor, consultant, etc);
    b. List of documents that evidence the relationship (e.g.contract/agreement, invoices, etc)
    c. The services and/or goods exchanged;
    d. The approximate dates in which the relationship began and the date ended, if any;
    e. Whether any such entities provided labor for farm operations.

**ANSWER: OBJECTION. This Interrogatory is and shall be considered five distinct interrogatories. Additionally, these Interrogatories are asking for information beyond the applicable time period, which ends on December 31, 2023. The requested information regarding vendors, distributors and consultants is not relevant to any party's claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the foregoing objection, Defendants state as follows:**

**Mr. Magana Garcia brought 3-8 workers with him on any given day. Defendants did not have any type of relationship with Mr. Magana Garcia's workers and have no documents evidencing a working/business relationship. The workers performed work for Mr. Magana Garcia. In addition, Dylan Picard was a 1099 contractor that worked doing**

**sales from 2020-2022 and Justin Leys was a 1099 contractor that worked doing equipment operations in 2020. Documents that evidence these are the 1099 forms for the applicable years.**

4. Please list any and all individuals that provided services to the Defendants which were the same or similar to those provided by the Plaintiff and opt-in Plaintiffs over the last six years.

**ANSWER: OBJECTION. This Interrogatory is asking for information beyond the applicable time period for this action, which ends on December 31, 2023. Notwithstanding and without waiving the foregoing objection, Defendants state as follows: Mr. Garcia was contracted to provide all services within his scope of work. He brought his own employees or subcontractors.**

5. Please list the start and end dates for each individual listed in response to Interrogatory No. 4 along with the hours worked for each individual on a daily and/or weekly basis.

**ANSWER: See Objection to Interrogatory No. 4 as to the applicable time period. Notwithstanding and without waving the foregoing objection, Defendants state as follows: Mr. Garcia began work as a contractor in August of 2015 and continued periodically as services were needed until May 26, 2023. The amount of hours worked varied each day and were not recorded by Defendants.**

Date: August 22, 2025

Respectfully submitted,

/s/ Todd Stuart
Todd A. Stuart (P70187)
Stuart Law PLC

**Verification**

I do solemnly declare and affirm under penalty of perjury that the above Responses to Interrogatories are true and correct to the best of my knowledge, information, and belief.

West Michigan Hopyards, LLC

Executed on 25/08/2025 ____________________

Bryan Posthumus (Aug 25, 2025 15:09:05 EDT)

By: Bryan Posthumus
It's: Managing Partner

Executed on 25/08/2025 ____________________

Jason Jaekel

Executed on 25/08/2025 ____________________

Bryan Posthumus (Aug 25, 2025 15:09:05 EDT)

Bryan Posthumus