**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JOSE J. MAGANA GARCIA *et al.*,<br><br>*Plaintiff*,<br><br>*v.*<br><br>WEST MICHIGAN HOPYARDS LLC *et al.*,<br><br>*Defendants*. | **Case No. 1:24-CV-01179-PJG**<br><br>Hon. Phillip J. Green |

**EXPEDITED CONSIDERATION REQUESTED**

**DEFENDANTS' BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO EXTEND SUMMARY JUDGMENT DEADLINES**

**TABLE OF CONTENTS**


BACKGROUND ........ 1

LEGAL STANDARD ........ 3

ARGUMENT ........ 4

CONCLUSION ........ 6

## TABLE OF AUTHORITIES

### Cases

*Inge v. Rock Fin. Corp.*,
281 F.3d 613 (6th Cir. 2002) .......... 3

*Lopez v. Todd Greiner Farms Packing, LLC*,
No. 21-CV-227, 2022 U.S. Dist. LEXIS 246248
(W.D. Mich. Sept. 12, 2022) .......... 3

*Mota v. United States Steel Corp.*,
No. 12-CV-510, 2015 U.S. Dist. LEXIS 10697
(N.D. Ind. Jan. 30, 2015) .......... 5

*Saunders v. Dyck O'Neal, Inc.*,
No. 17-CV-00335, 2020 U.S. Dist. LEXIS 13262
(W.D. Mich. Jan. 22, 2020) .......... 3

*Shelby v. City of El Paso*,
No. 12-CV-0200, 2013 U.S. Dist. LEXIS 194987
(W.D. Tex. Jul. 29, 2013) .......... 5

### Rules

FED. R. CIV. P. 16(b)(4) .......... 3

Defendants, West Michigan Hopyards, LLC, Jason Jaekel, and Bryan Posthumus (collectively, "Defendants"), hereby move for an order extending the summary judgment deadline, currently set for November 13, 2026 (Dkt. 58 at PageID.731), by at least seven (7) days from the date of any decision of this Court denying Defendants' pending motion for reconsideration (Dkt. 63), or at least thirty (30) days from the date of any decision of this Court granting such motion for reconsideration. For at least the reasons given herein, good cause exists for the requested extension and the Court should grant Defendants' motion to extend.

**BACKGROUND**

Plaintiff, Jose J. Magana Garcia, filed this action alleging violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 *et seq.*, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Michigan Improved Workforce Opportunity Wage Act, M.C.L. § 408.931 *et seq.*, against Defendants, on November 6, 2024. (*See* Dkt. 1). More than one year later, on January 23, 2026, the parties stipulated to the amendment of the complaint to join twelve additional plaintiffs (each of the thirteen plaintiffs, including Magana Garcia, collectively referred to as "Plaintiffs"), with the understanding that "[t]he addition of named Plaintiffs [would] require additional written discovery and depositions specific to those individuals." (*See* Dkt. 32 at PageID.136). On January 28, 2026, the Court entered the stipulation, extending discovery to July 31, 2026. (*See* Dkt. 33). Plaintiffs filed their amended complaint on February 18, 2026. (*See* Dkt. 35).

On July 28, 2026, the parties stipulated "to extend the time for completion of discovery solely for the purpose of conducting depositions," "propose[d] September 11,

2026 as the deadline for completion of discovery," and noted that the basis for the stipulation was the parties' inability "to obtain depositions for all Plaintiffs and Defendants . . . due to the number of [p]arties involved and the conflicting schedules of the attorneys of record." (*See* Dkt. 41 at PageID.202). The Court entered the parties' stipulation on July 30, 2026, extending the deadline for depositions to September 11, 2026. (*See* Dkt. 42).

On September 6, 2026, before the extended deadline for party depositions, Defendants filed a motion to compel responses to written discovery requests, as well as the depositions of all thirteen Plaintiffs. (*See* Dkt. 47). On September 11, 2026, five days later, Plaintiffs moved to compel the depositions of Defendants. (*See* Dkt. 53). The Court conducted a hearing on September 24, 2026, during which the Court denied Defendants' motion as to both the written discovery requests and the depositions of Plaintiffs, but granted Plaintiffs' motion as to the depositions of Defendants. (*See* Dkt. 58). The Court further extended the deadline for dispositive motions to November 13, 2026. (*See id.* at PageID.731).

On October 11, 2026, Defendants' filed a motion for reconsideration of the Court's September 24, 2026 order denying Defendants' motion to compel Plaintiffs' depositions. (*See* Dkt. 63). Defendants also requested, in the alternative, that the Court grant a limited extension of time to conduct the depositions of Plaintiffs. (*See id.*). The Court ordered Plaintiffs to respond to Defendants' motion for reconsideration on October 19, 2026 and October 30, 2026. (*See* Dkts. 66, 75). Defendants filed their responses on October 23, 2026 and November 5, 2026. (*See*

Dkts. 69, 76). As of the date of this motion, no decision has been issued on Defendants' motion for reconsideration, and the deadline for summary judgment remains November 13, 2026.

On November 5, 2026, at approximately 5:00 pm, the parties met and conferred via telephone to discuss, among other things, the instant motion for an extension of the summary judgment deadline. (*See* Harris Decl.[1] at ¶ 3, Ex. 1). Notwithstanding this meet-and-confer, Defendants were unable to obtain concurrence. (*See id.*). Pursuant to Local Rule 7.1(d)(ii)(B), a Certificate Regarding Motion Concurrence is filed concurrently herewith.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), "[a] district court may modify a scheduling order for good cause." *Saunders v. Dyck O'Neal, Inc.*, No. 17-CV-00335, 2020 U.S. Dist. LEXIS 13262, at *7 (W.D. Mich. Jan. 22, 2020) (internal quotations omitted); *see also* FED. R. CIV. P. 16(b)(4). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *accord Lopez v. Todd Greiner Farms Packing, LLC*, No. 21-CV-227, 2022 U.S. Dist. LEXIS 246248, at *4 (W.D. Mich. Sept. 12, 2022). Courts "may also consider prejudice to the nonmoving party." *Lopez*, 2022 U.S. Dist. LEXIS 246248, at *4.

---

[1] "Harris Decl." refers to the Declaration of Michael J. Harris, filed concurrently herewith.

## ARGUMENT

The Court should grant Defendants' motion on an expedited basis[2] and extend the deadline for summary judgment, currently set for November 13, 2026 (Dkt. 58 at PageID.731), by at least seven (7) days from the date of any decision of this Court denying Defendants' pending motion for reconsideration (Dkt. 63), or at least thirty (30) days from the date of any decision of this Court granting such motion for reconsideration, because good cause exists for the requested extension. *First*, Defendants have been diligent in their efforts to obtain the depositions of Plaintiffs. As set forth in Defendants' motion for reconsideration, Defendants noticed Plaintiffs' depositions on August 3, 2026, and moved to compel the depositions on September 6, 2026, before the deadline for depositions closed. (*See* Dkt. 63-1 at PageID.778). After the Court denied Defendants' motion to compel on September 24, 2026, Defendants promptly sought reconsideration on October 11, 2026, approximately two weeks later. (*See* Dkt. 63). As such, Defendants have at all times acted diligently in their efforts to obtain the depositions of Plaintiffs.

*Second*, Plaintiffs will suffer no meaningful prejudice from the requested extension. To be sure, Defendants only request a slight extension – again, at least seven (7) days from the date of any decision of this Court denying Defendants' pending motion for reconsideration (Dkt. 63), or at least thirty (30) days from the date

[2] Expedited consideration of Defendants' motion is warranted because the motion will be rendered moot before the motion is fully briefed, as the deadline for summary judgment will have passed by that time.

of any decision of this Court granting such motion for reconsideration[3] – and no trial date has been set in this matter. In that regard, any delay occasioned by an extension would be minimal. Equally as important, if the Court denies an extension, but later grants Defendants' motion for reconsideration, all parties and the Court will suffer substantial prejudice because summary judgment will very likely have to be rebriefed or heavily supplemented to incorporate the testimony obtained from Plaintiffs' depositions. Courts regularly find good cause for an extension of summary judgment deadlines where a motion for reconsideration is pending and the Court may ultimately reopen discovery. *See, e.g.*, *Mota v. United States Steel Corp.*, No. 12-CV-510, 2015 U.S. Dist. LEXIS 10697, at *5 (N.D. Ind. Jan. 30, 2015). That is especially true where, as here, granting the extension will "prevent the . . . prepar[ation] . . . [of] duplicative briefs and [the] needless expenditure of judicial . . . resources . . . ." *Shelby v. City of El Paso*, No. 12-CV-0200, 2013 U.S. Dist. LEXIS 194987, at *2 (W.D. Tex. Jul. 29, 2013).

Finally, it should also be noted that Plaintiffs filed two separate motions for sanctions on October 29, 2026 (Dkt. 71) and November 5, 2026 (Dkt. 77). Moreover, on November 6, 2026, shortly before the filing of the instant motion, Plaintiffs notified Defendants of their intention to file, on November 9, 2026, an additional motion for leave to file a supplemental brief in support of their motions for sanctions. (*See* Harris

[3] At least thirty (30) days is reasonable and necessary if the Court grants Defendants' motion for reconsideration, to enable the parties to schedule Plaintiffs' depositions and, in turn, brief summary judgment. In fact, even forty-five days would be reasonable, particularly given the intervening Thanksgiving Day holiday, which may create scheduling conflicts.

Decl. at ¶ 3, Ex. 2). Courts in this District have found good cause to extend the dispositive motion deadline where, as here, there is a "flurry of motions" shortly before the deadline for dispositive motions. *See Saunders*, 2020 U.S. Dist. LEXIS 13262, at *7. The Court should do the same in this case, particularly given that much of the parties resources leading up to the deadline for summary judgment will be spent responding to Plaintiffs' numerous filings.

In short, good cause exists for the requested extension because Defendants have been diligent in their efforts to obtain the depositions of Plaintiffs and Plaintiffs will suffer no meaningful prejudice from the requested extension. The Court should grant Defendants' motion.

## CONCLUSION

For at least the reasons given herein, the Court should extend the deadline for summary judgment by at least seven (7) days from the date of any decision of this Court denying Defendants' pending motion for reconsideration (Dkt. 63), or at least thirty (30) days from the date of any decision of this Court granting such motion for reconsideration.

Dated: November 6, 2026

Respectfully Submitted,

Michael J. Harris

*Of Counsel*

**SBS Law, PLC**

234 N Division Ave
Suite 400
Grand Rapids, MI 49503
Tel.: (203) 231-7490
Email: mharris@sbslawplc.com
michael.j.harris56@gmail.com

*Counsel for Defendants*

*West Michigan Hopyards, LLC, Jason Jaekel, and Bryan Posthumus*

## Certificate of Compliance Regarding Word Count

Pursuant to Local Rule 7.3(b)(ii), the foregoing brief contains 1,515 words, including headings, footnotes, citations, and quotations, and not including the case caption, cover sheets, table of contents, table of authorities, signature block, attachments, exhibits, affidavits, or other addenda. The word count was generated using Microsoft Word for Mac Version 16.101.3.

Michael James Harris

Michael J. Harris